GABRIELA SAAVEDRA-SANDOVAL, APPELLANT, *v.* WAL-MART STORES, INC., RESPONDENT.

No. 53693

December 30, 2010                      245 P.3d 1198

*Brian K. Griffith* and *Jorge Corral*, Las Vegas, for Appellant.

*Phillips, Spallas & Angstadt, LLC*, and *Brenda H. Entzminger* and *Jennifer L. Lewkowski*, Las Vegas, for Respondent.

# OPINION

By the Court, HARDESTY, J.:

To avoid dismissal of a case, NRCP 4(i) requires a party who fails to effectuate service of process within 120 days from the filing of the complaint to demonstrate good cause for the delay of service. In 2004, NRCP 4(i) was amended to also require the party to move to enlarge the time for service prior to the expiration of the 120-day service period. If the party fails to move to enlarge the time for service within the 120-day period, "the court shall take that failure into consideration in determining good cause for an extension of time." NRCP 4(i).

In this appeal, we examine the effect of this amendment on the "good cause" analysis we articulated in *Scrimer v. District Court*, 116 Nev. 507, 998 P.2d 1190 (2000), to obtain an enlargement of time to effectuate service of process. We conclude that the 2004 amendment to NRCP 4(i) requires district courts to first consider if good cause exists for filing an untimely motion for enlargement of time. Only upon a showing of good cause for the delay in filing the motion to enlarge time should the court then employ a complete *Scrimer* analysis to determine whether good cause exists to enlarge the time for service under NRCP 4(i). Here, because appellant Gabriela Saavedra-Sandoval failed to demonstrate good cause for filing her untimely motion to enlarge time, we conclude that the district court did not abuse its discretion in granting respondent Wal-Mart Stores, Inc.'s motion to dismiss for failure to effect timely service of process. We therefore affirm.

## FACTS

In 2005, Saavedra-Sandoval allegedly slipped and fell while shopping at a Wal-Mart store in Las Vegas. Saavedra-Sandoval's resulting injuries prompted her to file a complaint against Wal-Mart on June 6, 2007. Eight days after Saavedra-Sandoval filed her complaint, the process server she hired served process on a co-manager at the Wal-Mart store where the alleged incident occurred. Wal-Mart's registered agent under NRS 14.020(1), upon whom service should have been made, is The Corporation Trust Company of Nevada. In an affidavit, the process server incorrectly stated that the co-manager was the statutorily designated agent authorized to accept service of process on behalf of Wal-Mart.

On October 7, 2008, over one year after Saavedra-Sandoval filed her complaint, she again improperly served Wal-Mart by serving its claims investigators with a three-day notice of intent to take default. The claims investigators forwarded the default notice to Wal-Mart, and Wal-Mart immediately filed an answer on October 9, 2008, to avoid a default. Later that month, Wal-Mart

moved to amend its answer to include insufficient service of process as a defense after discovering that it had never been properly served with the original summons and complaint. This motion was unopposed, the district court granted the motion, and Wal-Mart filed its amended answer on February 4, 2009.

In an attempt to comply with NRCP 4(i), Saavedra-Sandoval filed a motion on February 12, 2009, seeking to enlarge the time required to effect service of process upon Wal-Mart. At the time she filed the motion, over one year had passed since the expiration of the 120-day time limit provided in NRCP 4(i) to serve a summons and complaint. Saavedra-Sandoval argued that good cause existed for her untimely motion because she retained a process server who personally served a Wal-Mart co-manager and then subsequently sent a notice of intent to take default, to which Wal-Mart responded. She did not explain why she did not properly serve Wal-Mart's registered agent.[1] Wal-Mart opposed Saavedra-Sandoval's motion and concurrently filed a countermotion to dismiss the complaint, arguing that improperly serving a co-manager of a Wal-Mart store is not good cause for an enlargement of time. The district court agreed and denied Saavedra-Sandoval's motion to enlarge time, finding that she failed to demonstrate good cause to effectuate service within the 120-day time limit, and granted Wal-Mart's countermotion to dismiss for failure to effect timely service of process.

## DISCUSSION

On appeal, Saavedra-Sandoval argues that good cause supported her motion to enlarge time and that the district court erred in denying her motion and dismissing her case for failure to comply with NRCP 4. This court reviews an order "granting a motion to dismiss for failure to effect timely service of process . . . for an abuse of discretion." *Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999). Saavedra-Sandoval filed her complaint on June 6, 2007; however, she did not file her motion to enlarge the time for service until February 12, 2009, over one year after the

---

[1]Saavedra-Sandoval also argues on appeal that Wal-Mart waived its objection to improper service because Wal-Mart did not include this objection in its first answer as required by NRCP 12(b). *See* NRCP 12(h)(1) (a party waives the defense of insufficient service of process "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by [NRCP] 15(a) to be made as a matter of course"). However, Saavedra-Sandoval did not raise this argument in the district court, and thus, we will not consider it on appeal. *See Mason v. Cuisenaire*, 122 Nev. 43, 48, 128 P.3d 446, 449 (2006) ("Generally, failure to raise an argument in the district court proceedings precludes a party from presenting the argument on appeal.").

expiration of NRCP 4(i)'s 120-day time period for service of process.

Prior to 2004, NRCP 4(i) required a party to serve the summons and complaint within 120 days or the action would be dismissed, unless the party could show good cause for not effectuating service in a timely manner. *See* ADKT No. 276 (Order Amending the Nevada Rules of Civil Procedure, July 26, 2004). Subsequently, in 2004, NRCP 4(i) was amended to add a requirement that a party must file a motion seeking enlargement of time to serve process before the expiration of the 120-day time period. *See id.* The current version of NRCP 4(i) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion, unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period. If the party on whose behalf such service was required fails to file a motion to enlarge the time for service before the 120-day service period expires, the court shall take that failure into consideration in determining good cause for an extension of time. Upon a showing of good cause, the court shall extend the time for service and set a reasonable date by which service should be made.

Because of this amendment, Nevada's rule differs from the federal rule, which requires only a showing of good cause for a party's failure to effect proper service within 120 days. *See* Fed. R. Civ. P. 4(m).

At issue in this case is the effect of filing an untimely motion to enlarge time for service of process under NRCP 4(i).

The 2004 amendment to NRCP 4(i) creates two requirements to enlarge time to serve process. First, the party on whose behalf service is required must file a motion to enlarge time and, second, he or she must demonstrate good cause to do so. The drafter's note to the Nevada rule provides clear evidence that the drafters of NRCP 4(i) intended to deviate from the federal rule by enacting changes to encourage litigants to promptly prosecute matters by properly serving the opposing party in a timely manner. To achieve this objective, "the Nevada rule does not give the district court discretion to enlarge the time for service in the absence of a showing of good cause" and "the district court is limited to enlarging the time for service only upon a motion to enlarge the 120-day service period." NRCP 4(i) drafter's note. Thus, the rule creates a threshold question for the district court, requiring it to first evaluate whether good cause exists for a party's failure to file a timely

motion seeking enlargement of time. Failure to demonstrate such good cause ends the district court's inquiry.

In light of this analysis, we must determine whether the 2004 amendment to NRCP 4(i) alters the approach set forth in *Scrimer v. District Court*, 116 Nev. 507, 998 P.2d 1190 (2000).[2] We conclude that only upon a showing of good cause to file an untimely motion to enlarge time for service should the district court then apply *Scrimer*'s good-cause factors for the delay in service. However, in the initial analysis of an untimely motion, some of *Scrimer*'s factors may be applicable to determine if good cause exists for filing a tardy motion. The *Scrimer* factors a court should consider are those that would impede the plaintiff's attempts at service and, in turn, could result in the filing of an untimely motion to enlarge the time to serve the defendant with process: "(2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has elapsed, (3) the plaintiff's diligence in attempting to serve the defendant, . . . and (9) the defendant's knowledge of the existence of the lawsuit." *Scrimer*, 116 Nev. at 516, 998 P.2d at 1196. These factors are not exhaustive, but any additional factors the district court considers should similarly relate to difficulties encountered by a party in attempting service that demonstrate good cause for filing a tardy motion because the purpose of NRCP 4(i) is to encourage prompt litigation of disputes. Only upon a showing of good cause for the delay in filing the motion to enlarge time should the court then engage in a complete *Scrimer* analysis to determine whether good cause also supports the request for enlargement of time for service of process under NRCP 4(i).

Here, Saavedra-Sandoval only addressed the second step of the analysis required by NRCP 4(i). She argued that good cause ex-

---

[2]In *Scrimer*, this court described ten factors district courts should consider when evaluating whether a party has adequately demonstrated good cause to extend the time for service of process of a summons and complaint. 116 Nev. at 516, 998 P.2d at 1195-96. The enumerated *Scrimer* factors are:

(1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court.

*Id.*

isted to enlarge time for service of process because she enlisted a process server who improperly served the co-manager of a Wal-Mart store, and then she subsequently sent a notice of default to Wal-Mart claims investigators, to which Wal-Mart ultimately responded. However, none of the *Scrimer* factors justify an extension of time in these circumstances. Saavedra-Sandoval did not contend that she experienced any difficulty in locating the person upon whom she was supposed to serve the summons and complaint, nor did she allege that Wal-Mart evaded service. Additionally, Saavedra-Sandoval did not use due diligence to properly ascertain Wal-Mart's registered agent, information that is readily available through the Secretary of State's office. Furthermore, NRS 14.020(2) and NRS 14.030 describe the person upon whom service of process for a corporation must be made, and failure to properly serve that agent by the statutorily prescribed means is not, by itself, good cause for granting an enlargement of time to serve process.

When Wal-Mart replied to Saavedra-Sandoval's notice of default, it subsequently moved to amend its answer to assert insufficient service of process as a defense. Saavedra-Sandoval did not oppose this request. Instead, she filed a motion to enlarge time after the district court granted Wal-Mart leave to amend, but this was over one year after the expiration of the 120-day period for effectuating proper service. This inexplicable lapse in time demonstrates that Saavedra-Sandoval lacked good cause for filing a late motion to enlarge time for service.

Even if we concluded that good cause to enlarge time existed, which we do not, Saavedra-Sandoval's request would still fail because she did not address, and the district court did not consider, why she did not file a motion to enlarge time within the 120-day period. NRCP 4(i) requires a party to first show good cause for filing an untimely motion. While good cause for failing to file a timely motion and good cause for granting an enlargement of time may be the same in some instances, failure to address the issue of cause for filing an untimely motion ends the district court's inquiry. Because we conclude that Saavedra-Sandoval failed to address, and therefore failed to demonstrate, good cause for waiting for over one year after expiration of the 120-day deadline prescribed in NRCP 4(i) to move for enlargement of time to properly serve Wal-Mart, the district court did not abuse its discretion in denying her motion and granting Wal-Mart's countermotion to dismiss the complaint.

The district court reached the proper conclusion for the wrong reason. It found that Saavedra-Sandoval failed to demonstrate good

cause for granting an extension of time to effectuate service of process but did not address whether she demonstrated good cause for filing an untimely motion to enlarge time for service of process. This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason. *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987).

Accordingly, we affirm the district court's order.

PARRAGUIRRE, C.J., and DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.