An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR R. GARCIA, JR.,
Appellant,
vs.
BOARD OF REGENTS OF NEVADA
SYSTEM OF HIGHER EDUCATION,
UNIVERSITY OF NEVADA, RENO,
Respondent.

No. 61611

**FILED**

JUL 3 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Appeal from a district court order granting a petition for judicial review in an employment matter. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Victor R. Garcia, Jr., was employed as a police officer at the University of Nevada, Reno. After a series of incidents reflecting poorly on Garcia's work performance, the UNR Police Department conducted an internal affairs investigation and UNR eventually terminated Garcia's employment. Garcia appealed his termination to the Nevada State Personnel Commission, and the hearing officer concluded that termination was excessive. The district court granted UNR's petition for judicial review, explaining that *Dredge v. State ex rel. Department of Prisons*, 105 Nev. 39, 769 P.2d 56 (1989), required deference to UNR's decision to terminate Garcia's employment. Garcia appealed.

A court will generally defer to a hearing officer's findings of fact and conclusions of law "where those conclusions are closely related to the agency's view of the facts" and are supported by substantial evidence.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-25046

*State v. Tatalovich*, 129 Nev. ___, ___, 309 P.3d 43, 44 (2013). A court may set a hearing officer's decision aside if it rests on an error of law or constitutes an abuse of discretion. *Id.*

Garcia argues that the district court erred by applying *Dredge* outside of a correctional-facility context. We need not decide whether *Dredge* applies under these circumstances. Even without giving deference to UNR's decision to terminate Garcia's employment, we affirm. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

The hearing officer found that Garcia committed 28 violations, including insubordination, incompetence, inexcusable neglect of duty, discourteous treatment of the public, failure to prepare required reports, disregard of regulations, carelessness, jeopardizing security, failure to report a crime, failure to investigate thoroughly, and bringing discredit on UNRPD. The hearing officer found that these violations arose out of four separate incidents, including Garcia's failure to investigate or report the on-campus theft of a loaded handgun. Despite these findings, the hearing officer concluded that termination was excessive. This conclusion is wholly inconsistent with the hearing officer's findings, particularly in light of the ever-present need for security on college campuses. *See generally Stanton v. Univ. of Me. Sys.*, 773 A.2d 1045, 1050 (Me. 2001) (recognizing "that the concentration of young people, especially young women, on a college campus[ ] creates a favorable opportunity for criminal behavior"); Diana A. Drysdale et al., *Campus Attacks: Targeted Violence Affecting Institutions of Higher Education* (U.S. Secret Service et al. 2010), *available at* http://www.secretservice.gov/ntac/CampusAttacks041610.pdf

(collecting statistics regarding violent crime on college and university campuses in the United States). We therefore conclude that the hearing officer abused his discretion by ordering Garcia reinstated. *See Tatalovich*, 129 Nev. at ___, 309 P.3d at 44.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Hon. Janet J. Berry, District Judge
David Wasick, Settlement Judge
Morris Polich & Purdy, LLP/Las Vegas
Morris Polich & Purdy, LLP/Los Angeles
University of Nevada, Reno, Office of General Counsel
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A