An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICIA POSEY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALORIE J. VEGA, DISTRICT JUDGE,
Respondents,
and
LEE GOLDBOSS,
Real Party in Interest.

No. 65530

FILED

JAN 15 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss and granting a countermotion to extend the time to effect service of process in a tort action.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to consider a petition for a writ of mandamus is within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). As a general rule, this court will not exercise its discretion to consider petitions for extraordinary writ relief that challenge district court orders denying motions to dismiss, because an appeal from the final judgment is usually a speedy and adequate legal remedy, precluding writ relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. In some instances, this court will consider such petitions if no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear

authority or if an important issue of law needs clarification. *Id.* at 197-98, 179 P.3d at 559.

Having considered the parties' arguments and supporting documentation, we conclude that there are underlying factual disputes and that petitioner had not demonstrated that the district court was required by clear legal authority to dismiss the underlying action. Although we are concerned that the district court did not explain its good cause analysis when granting real party in interest's untimely countermotion to extend the time to effect service, *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1201 (2010) (requiring the district court to first evaluate whether good cause exists for a party's failure to file a timely motion seeking enlargement of time, *before* considering whether good cause exists for failing to effect service within the 120-day service period), a good cause determination is within the district court's discretion and we acknowledge that the factual disputes regarding petitioner's identity and real party in interest's knowledge thereof may affect such analysis. Because petitioner has a speedy and adequate remedy in the form of an appeal from the final judgment, *see Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) (explaining that an appeal is generally an adequate legal remedy precluding writ relief), we conclude that our extraordinary intervention is not warranted at this time. Accordingly, we deny the petition. *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.        _____, J.
Douglas                              Cherry

cc:   Hon. Valorie J. Vega, District Judge
      Upson Smith/Las Vegas
      Law Office of Daniel Marks
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A