An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

H. BRUCE COX AND SUE ANN COX, HUSBAND AND WIFE,
Appellants,
vs.
JASON KING, IN HIS OFFICIAL CAPACITY AS ACTING NEVADA STATE WATER ENGINEER; THE STATE OF NEVADA DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES; DAVID Z. CHESNOFF AND DIANA CHESNOFF CO-TRUSTEES OF THE CHESNOFF FAMILY TRUST,
Respondents.

No. 61682

FILED

JUN 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order quieting title to a water rights permit. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

The district court decided this case on stipulated facts and evidence. Thus, the facts are established by the parties' stipulation and order. *Second Baptist Church of Reno v. Mount Zion Baptist Church*, 86 Nev. 164, 172, 466 P.2d 212, 217 (1970) ("[V]alid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them."). "But the district court's conclusions of law are reviewed de novo." *Cnty. of Clark v. Sun State Properties, Ltd.*, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). Additionally, contract interpretation is reviewed de novo. *Bielar v. Washoe Health Sys., Inc.*, 129 Nev., Adv. Op. 49, 306 P.3d 360, 364 (2013).

The district court found that the Coxes were not in the chain of title for Permit 50369, and thus quieted title to Permit 50369's 2.24

15-19305

acre-feet in favor of the Chesnoffs. The district court erred in applying NRS 533.382 retroactively. *See* 1995 Nev. Stat., ch. 265, § 13, at 439 ("The provisions of sections 2, 5 and 6 of this act are not applicable to a conveyance of a water right, permit, certificate or application which is completed before October 1, 1995.")). Nevertheless, we conclude that the district court did not err in reaching its ultimate outcome because the Noordas' original water appropriation application only designated the Chesnoffs' property as the intended place of use and neither the State Engineer's unilateral actions nor the unenforceable water well association agreement (which was not notarized and failed to specify the property interest on its face) altered that designation.[1] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

_____

[1]We have considered the parties remaining arguments, and conclude that they are without merit.

cc: Hon. Michael Villani, District Judge
Lansford W. Levitt, Settlement Judge
H. Bruce Cox
Attorney General/Carson City
Holley, Driggs, Walch, Puzey & Thompson/Las Vegas
Gregory J. Walch
Eighth District Court Clerk