An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY ALLEN MCGILL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE ADRIANA
ESCOBAR, DISTRICT JUDGE,
Respondents,
and
PROGRESSIVE DIRECT INSURANCE
CO.,
Real Party in Interest.

No. 68573

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in a negligence action. Having considered the petition, we are not persuaded that petitioner has met his burden to demonstrate that our extraordinary discretionary intervention is warranted. NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997). In particular, the record shows that the car accident was a hit and run and the police report therefore did not provide an address for the owner of the vehicle that fled the scene, and after searching vehicle registration records, the registered owner was found and real party in interest was able to obtain an address for petitioner through a bill of sale. Real party interest also explained that the address on the bill of sale matched the address obtained from DMV records and other databases, and no other address for petitioner was revealed through those searches.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27668

Attempts to serve petitioner at that address failed because the occupant denied he was petitioner or that petitioner lived there. Given these factual assertions, the district court did not arbitrarily or capriciously exercise its discretion in denying petitioner's motion to dismiss. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 595-96, 245 P.3d 1198, 1200-01 (2010) (explaining that the good-cause determinations under NRCP 4(i) are within the district court's discretion); *Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 516, 998 P.2d 1190, 1195-96 (2000) (setting forth factors that the district court may consider in determining whether a plaintiff has demonstrated good cause for failure to serve a defendant with a summons and complaint within NRCP 4(i)'s 120-day prescriptive period). Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Adriana Escobar, District Judge
Upson Smith/Las Vegas
Dotson & Qualey
Eighth District Court Clerk