An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EARL H. DARNOLD, PERSONALLY AND AS TRUSTEE OF THE DARNOLD FAMILY TRUST; AND ANTHONY FRISCO,
Appellants,
vs.
RUSSELL JACOBY; AND CAMELIA JACOBY,
Respondents.

EARL H. DARNOLD, PERSONALLY AND AS TRUSTEE OF THE DARNOLD FAMILY TRUST; AND ANTHONY FRISCO,
Appellants/Cross-Respondents,
vs.
RUSSELL JACOBY; CAMELIA JACOBY
Respondents/Cross-Appellants,
and
DESERT LAND INVESTMENT COMPANY, LLC,
Respondent.

No. 65996

**FILED**

OCT 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

No. 66673

### ORDER OF AFFIRMANCE

This is a consolidated appeal from a district court summary judgment in a guaranty action, certified as final under NRCP 54(b), and an appeal and cross-appeal from a district court order involving attorney fees and costs. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellants/cross-respondents Earl Darnold and Anthony Frisco were 2 of 68 people who together loaned $6,600,000 to respondent Desert Land Investment Company, LLC. Respondents/cross-appellants Russell and Camelia Jacoby personally guaranteed the loan. The promissory note and the guaranties collectively referred to the 68 people as the lender and had an exhibit attached that listed each person's

Supreme Court
of
Nevada

(O) 1947A

15-31618

"undivided" interest in the loan. After Desert Land Investment defaulted on the loan, Darnold and Frisco filed the underlying action against the Jacobys, but the other 66 people were never joined in the action. The district court granted the Jacobys' motion for summary judgment but denied both sides' requests for attorney fees based on their offers of judgment. These appeals followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly granted the Jacobys' motion for summary judgment. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (providing that this court reviews a district court's order granting summary judgment de novo). NRS 104.3110(4) provides that "[i]f an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them." Because the 68 people had "undivided" interests in the loan, the loan was payable to them not alternatively and could only be enforced by all of them, and thus, Darnold and Frisco lack standing to sue individually. *See Piatt v. Medford Highlands, LLC*, 22 P.3d 767, 768-71 (Or. Ct. App. 2001) (construing an arrangement where three parties had undivided interests in a promissory note and trust deed as being payable to the three parties not alternatively, and thus, requiring the joinder of all three parties for enforcement); *see also* Black's Law Dictionary 829 (8th ed. 2004) (defining an undivided interest as "[a]n interest held under the same title by two or more persons"). Darnold and Frisco's argument that they could not join all the other lenders because the Jacobys purchased one of the lenders' interest in the loan and would never agree to join the action lacks merit because they could be compelled to join the action. *See Piatt*, 22 P.3d at 771-72 (providing that the court could "compel the joinder of the joint payee who

refuses to participate as a plaintiff in the enforcement of an instrument" and they could be joined as defendants).

We further conclude that the district court did not abuse its discretion in denying either side's request for attorney fees based on their offers of judgment. *Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 615-16 (2014) (explaining that this court reviews a district court's decision regarding attorney fees for an abuse of discretion). It was not an abuse of discretion for the district court to conclude that the Jacobys' offer of judgment to provide Darnold and Frisco less than one tenth of the amount they loaned Desert Land Investment was unreasonable when considering the *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), factors. Additionally, because Darnold and Frisco's offer of judgment to dismiss the action was contingent on pursuing the action in Arizona, which the order granting summary judgment does not require, the Jacobys obtained a more favorable judgment than Darnold and Frisco's offer of judgment. NRCP 68; NRS 17.115 (2005); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (explaining that this court will affirm a district court's order if the district court reached the correct result). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Ronald J. Israel, District Judge
Cuthbert E.A. Mack
Benjamin B. Childs
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A