An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY SCHMIDT,
Appellant,
vs.
BEN KIECKHEFER,
Respondent.

No. 66528

FILED

DEC 0 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss pursuant to NRS 41.660. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Respondent Ben Kieckhefer filed suit for defamation, alleging that he was defamed by appellant Gary Schmidt's campaign advertisement. The advertisement claimed that Kieckhefer endorsed Harry Reid for Senate in 2010. Schmidt's only support for the advertisement's claim was an article from the Las Vegas Sun.[1] Kieckhefer argued that the article provides that he endorsed State Senator Raggio for majority leader, despite Raggio's support for Reid, not that he supported Reid, himself.

Schmidt filed a special motion to dismiss, alleging that Kieckhefer's defamation suit was a strategic lawsuit against public participation (a SLAPP suit). The district court denied the motion. Although the district court found that Schmidt showed that his statement

---

[1]David McGrath Schwartz, *Reid endorsement may put Raggio on the outs in GOP*, Las Vegas Sun, Oct. 31, 2010, (last visited Sep. 15, 2015), http://lasvegassun.com/news/2010/oct/31/reid-endorsement-may-put-raggio-outs-gop/.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36657

was made in good faith, it further found that Kieckhefer could nonetheless win his defamation lawsuit by showing that Schmidt made the statement with malice.

On appeal, Schmidt argues that Kieckhefer failed to show by clear and convincing evidence a probability of success in his defamation suit. He argues that the Las Vegas Sun article may be read to imply that the "longtime leader" that Kieckhefer supported was Harry Reid.

Prior to 2013, this court treated special motions to dismiss as motions for summary judgment and therefore reviewed the resulting orders de novo.[2] *See John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 753, 219 P.3d 1276, 1281 (2009). After 2013, however, with the plaintiff's burden increased to clear and convincing evidence, this court will provide greater deference to the lower court's findings of fact and therefore will review for an abuse of discretion.

"This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason." *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

We conclude that the district court correctly denied Schmidt's motion to dismiss, but abused its discretion when it erroneously found that Schmidt made his statements in good faith. There is no rational way to read the Las Vegas Sun article without concluding that Kieckhefer

---

[2]NRS 41.660(3)(a), as enacted in 1997, provided specific instruction to "[t]reat the motion as a motion for summary judgment." In 2013, the legislature amended NRS 41.660(3)(b) to require the plaintiff establish by clear and convincing evidence his or her probability of prevailing on the merits.

supported Raggio for majority leader. Because one cannot rationally infer from this article that Kieckhefer supported Reid and there has been absolutely no other evidence presented that supports Schmidt's statement, we conclude that he did not act in good faith when he claimed that Kieckhefer supported Reid.[3] Accordingly, we

ORDER the decision of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                  Douglas

_____, J.          _____, J.
Cherry                       Saitta

_____, J.          _____, J.
Gibbons                      Pickering

cc:   Hon. Jerome M. Polaha, District Judge
      Charles R. Kozak
      McDonald Carano Wilson LLP/Las Vegas
      McDonald Carano Wilson LLP/Reno
      Washoe District Court Clerk

---

[3]It is therefore unnecessary to reach a conclusion on the second prong of the special motion to dismiss, namely whether Kieckhefer has shown clear and convincing evidence that he has a probability of success on the merits of his defamation suit.