IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF
TRANSPORTATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RONALD J. ISRAEL, DISTRICT
JUDGE,
Respondents,
and
THE ESTATE OF ROBERT CHARLES
PYJAS,
Real Party in Interest.

No. 71018

FILED

DEC 2 3 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order granting an enlargement of time to serve process and denying a countermotion to dismiss.

Having considered the parties' arguments and supporting documents, we grant the petition for writ relief. NRS 34.160; *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 596-97, 245 P.3d 1198, 1201 (2010) (explaining that if a motion to enlarge the time for service is filed after NRCP 4(i)'s 120-day service period has expired, plaintiff must also demonstrate good cause for failing to file a timely motion for an

enlargement of time). As recognized in *Saavedra-Sandoval,* 126 Nev. at 596-97, 245 P.3d at 1201, the district court must "first evaluate whether good cause exists for a party's failure to file a timely motion seeking enlargement of time" and "[f]ailure to demonstrate such good cause ends the district court's inquiry." In addressing this threshold question, the district court must consider factors, including those set forth in *Scrimer v. Eighth Judicial District Court,* 116 Nev. 507, 998 P.2d 1190 (2000), relating to difficulties encountered by the plaintiff in attempting service, which could "result in the filing of an untimely motion to enlarge the time to serve the defendant with process." *Saavedra-Sandoval,* 126 Nev. at 597, 245 P.3d at 1201.

Although the Estate of Robert Charles Piyas argues that the district court's finding that dismissal would be a severe sanction and the case should be heard on the merits is a relevant consideration, that finding pertains to the second part of the analysis, concerning whether good cause also supports the request for an enlargement of time to serve process. However, it is not relevant to the threshold question of whether good cause supports the Estate's tardy request for such additional time. In seeking additional time, the Estate identified issues that counsel had with staff, but those issues do not justify the Estate's untimely motion because they did not arise until well beyond the deadline for service expired, and petitioner had notified the Estate that a defect in service existed several months before the Estate moved for an enlargement of time. Because good cause for filing an untimely motion was not demonstrated, the district court was required to deny the motion for an enlargement of time, and because service was not completed within the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

120-day time frame under NRCP 4(i), the district court was required to dismiss the complaint. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to VACATE the order granting the motion for an enlargement of time and to enter an order DISMISSING the action.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Ronald J. Israel, District Judge
       Attorney General/Carson City
       Attorney General/Transportation Division/Carson City
       Law Office of Cory J. Hilton
       Eighth District Court Clerk