# IN THE SUPREME COURT OF THE STATE OF NEVADA

NAVY FEDERAL CREDIT UNION,
Appellant,
vs.
SATICOY BAY LLC SERIES 1916
SUMMER POINT,
Respondent.

No. 69308

FILED

NOV 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In 2006, appellant Navy Federal Credit Union (NFCU) became the beneficiary of a deed of trust recorded on the subject property. In 2012, a notice of delinquent assessment lien was recorded against the subject property. Soon after, the agent for the HOA recorded a notice of default and election to sell against the subject property. In 2013, respondent Saticoy Bay LLC Series 1916 Summer Point (Saticoy) purchased the subject property through a non-judicial HOA lien foreclosure sale. A foreclosure deed was subsequently recorded with the Clark County recorder. Then, in 2014, Saticoy filed a complaint against NFCU to quiet title. Ultimately, Saticoy filed a motion for summary judgment, which NFCU opposed.

The district court granted Saticoy partial summary judgment on the following issues: commercial reasonableness, the constitutionality of NRS 116.3116 *et seq.*, and the conclusiveness of the recitals in the foreclosure deed. Pursuant to NRCP 56(f), NFCU requested leave to conduct additional discovery to determine if any fraud, oppression, or

unfairness affected the validity of the foreclosure sale. The district court granted NFCU's request. After NFCU was unable to provide any such evidence, Saticoy renewed its motion for summary judgment, which the district court granted. This appeal follows.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of Saticoy but for the wrong reason.[1] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment); *see also Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (providing that this court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason).

In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, this court observed that a deed's recitals indicating compliance with the notice provisions in the statute are conclusive "against the unit's former owner, his or her heirs and assigns, and all other persons." 130 Nev., Adv. Op. 75, 334 P.3d 408, 411-12 (2014) (internal quotation marks omitted). However,

---

[1]Additionally, we grant the parties' NRAP 42(b) partial dismissal agreement that resolves NFCU's arguments on whether NRS 116.3116 *et seq.* violates the Supremacy Clause of the United States Constitution, as well as the Due Process Clauses and Takings Clauses of the United States Constitution and the Nevada Constitution. *See Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 22-23 (1st Cir. 1994) (granting a partial dismissal of some but not all issues on appeal under the federal counterpart to NRAP 42(b)). Upon review of the record, we have found no reversible error in the district court's grant of summary judgment as to NFCU's remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

"we note[d] but d[id] not resolve U.S. Bank's suggestion that we could affirm by deeming SFR's purchase 'void as commercially unreasonable.'" *Id.* at 418 n.6. Further, we have noted that courts can, in an appropriate case, set aside a defective foreclosure sale on equitable grounds. *See Shadow Wood Homeowners Assoc., Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1111-12 (2016). Our opinion in *Shadow Wood*, reaffirmed that "inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale" absent additional "proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Id.* at 1111 (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963)). Thus, NFCU needed to identify an element of fraud, unfairness, or oppression affecting the sale. As such, it was improper for the district court to hold that commercial reasonableness is not an issue in an HOA foreclosure sale. However, because NFCU was unable to show some element of fraud, unfairness, or oppression, there is no genuine issue of material fact regarding the commercial reasonableness of

the foreclosure sale.  Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Elissa F. Cadish, District Judge
    Janet Trost, Settlement Judge
    Tiffany & Bosco, P. A.
    Kim Gilbert Ebron
    Law Offices of Michael F. Bohn, Ltd.
    Legislative Counsel Bureau Legal Division
    Eighth District Court Clerk