135 Nev., Advance Opinion 61

IN THE SUPREME COURT OF THE STATE OF NEVADA

VEGAS UNITED INVESTMENT
SERIES 105, INC., A NEVADA
DOMESTIC CORPORATION,
Appellant,
vs.
CELTIC BANK CORPORATION,
SUCCESSOR-IN-INTEREST TO
SILVER STATE BANK BY
ACQUISITION OF ASSETS FROM THE
FDIC AS RECEIVER FOR SILVER
STATE BANK, A UTAH BANKING
CORPORATION ORGANIZED AND IN
GOOD STANDING WITH THE LAWS
OF THE STATE OF UTAH,
Respondent.

No. 74163



FILED

DEC 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court judgment following a bench trial in a judicial foreclosure action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Affirmed.*

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas,
for Appellant.

Sylvester & Polednak, Ltd., and Allyson R. Noto and Kelly L. Schmitt, Las Vegas,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

NRS Chapter 116 codifies the Uniform Common-Interest Ownership Act and sets forth statutory regulations applying to common-interest communities in Nevada, such as property owners' associations (POAs). NRS Chapter 116 generally applies to all residential Nevada POAs—i.e., homeowners' associations (HOAs)—but does not automatically apply to nonresidential POAs. Nonresidential POAs may elect to apply such provisions by expressly incorporating NRS Chapter 116's provisions, either in whole or in part. As this incorporation is elective, NRS Chapter 116 applies to nonresidential POAs *only* to the extent provided for by the incorporated statutory provisions.

Here, the conditions, covenants, and restrictions (CC&Rs) of the subject nonresidential property state that the association may enforce delinquent assessment liens pursuant to NRS 116.3116-.31168. The CC&Rs only incorporated NRS 116.3116-.31168,[1] however, and not the entirety of NRS Chapter 116. Specifically, the CC&Rs did not incorporate the provisions that might invalidate a mortgage savings clause or provide for assessments supporting a lien that would have superpriority status. Appellant Vegas United Investment Series 105, Inc., purchased the

---

[1]The 2015 Legislature substantially revised NRS 116.3116-.31168. 2015 Nev. Stat., ch. 266, §§ 1-7, 9, at 1333-45, 1349. Any discussion in this opinion regarding these statutes as they applied to the nonjudicial foreclosure sale here refers to the version of statutes in effect before those amendments, when the foreclosure sale took place. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 133 Nev. 28, 28 n.2, 388 P.3d 970, 971 n.2 (2017).




property at a foreclosure sale conducted pursuant to the procedures set forth in NRS 116.3116 in foreclosing on delinquent POA assessment liens. Because the lien did not have a superpriority portion and the mortgage savings clause, which provided that foreclosure on a delinquent assessment lien would not affect the priority of a prior mortgage, was still valid, respondent Celtic Bank's existing mortgage on the subject property was not extinguished. The district court therefore reached the correct outcome when it determined that Vegas United took the property subject to Celtic Bank's interest, and we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2005, nonparty Gibson Road, LLC, borrowed $748,000 from Celtic Bank's predecessor-in-interest in order to buy commercial property located in Henderson, Nevada. Gibson Road executed a first priority deed of trust to secure payment of the note. The note and deed of trust were assigned to Celtic Bank in 2009. The property purchased is located within two common-interest communities (CICs) that encompass the same business park, Gibson Business Park Property Owners' Association (Park POA) and Gibson Business Center Property Owner's Association, Inc. (Center POA), each of which has adopted CC&Rs. Center POA adopted CC&Rs in 2004.[2]

Gibson Road failed to pay both its POA assessments and its mortgage. In 2011, Center POA's agent Red Rock Financial Services

---

[2]Park POA separately adopted CC&Rs in 1989 and amended them in 1994. Its CC&Rs are not at issue here.

recorded a lien for delinquent assessments and then a notice of default.[3] In February 2014, Red Rock recorded and posted a notice of foreclosure sale, announcing a March 2014 sale date. Vegas United was the high bidder at the nonjudicial foreclosure sale with a bid of $30,000. In March 2015, Celtic Bank recorded a notice of default for nonpayment of mortgage payments and subsequently filed a complaint for judicial foreclosure of the property. Vegas United counterclaimed to quiet title, alleging that the nonjudicial foreclosure extinguished Celtic Bank's deed of trust, and asserted a slander of title claim.

The district court conducted a bench trial and entered a judgment in favor of Celtic Bank. The district court ruled that the CC&Rs incorporated the procedures for enforcing delinquent assessment liens from NRS 116.3116-.31168 but not the substantive provisions pertaining to the priorities of competing security interests. Accordingly, the district court concluded that the foreclosure sale did not extinguish Celtic Bank's deed of trust and that the Bank was entitled to foreclose on its first security interest. Vegas United now appeals.

## DISCUSSION

Vegas United argues on appeal that the 2014 nonjudicial foreclosure was conducted pursuant to the 2004 CC&Rs and NRS 116.3116-.31168, the delinquent assessment lien accordingly had superpriority

---

[3]The lien referenced CC&Rs with instrument number 1994024000285, which does not correspond with any recorded CC&Rs in Nevada. The 1994 amendment to Park POA's CC&Rs has instrument number 199941024000285. As we resolve this appeal on other grounds, we do not address whether this error affected the adequacy of the notice provided or the validity of the foreclosure sale.

 

status, the CC&Rs' mortgage savings clause was unenforceable as a matter of law, and Center POA's nonjudicial foreclosure sale therefore extinguished Celtic Bank's deed of trust.[4]

Following a bench trial, we review the district court's legal conclusions de novo and uphold its factual findings so long as they are not clearly erroneous and are supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

*The CC&Rs partially incorporated provisions from NRS Chapter 116*

We use the rules governing contract interpretation to interpret a CIC's declaration of its CC&Rs. *Diaz v. Ferne*, 120 Nev. 70, 73, 84 P.3d 664, 665-66 (2004). When the facts are not disputed, contract interpretation is subject to de novo review as a question of law. *Id.* at 73, 84 P.3d at 666. "Contractual provisions should be harmonized whenever possible," *Eversole v. Sunrise Villas VIII Homeowners Ass'n*, 112 Nev. 1255, 1260, 925 P.2d 505, 509 (1996), and no provision should be rendered meaningless, *Musser v. Bank of Am.*, 114 Nev. 945, 949, 964 P.2d 51, 54 (1998).

NRS Chapter 116 only applies to a nonresidential CIC—that is, properties subject to a nonresidential POA—to the extent that the community's declaration incorporates NRS Chapter 116's provisions in whole or in part pursuant to NRS 116.12075. NRS 116.1201(1), (2)(b); *Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 404, 215 P.3d 27, 31 (2009). By so stating in its declaration, a POA may elect to apply either (a) the entirety of NRS Chapter 116, (b) specifically

---

[4]Vegas United also argues that the foreclosure notices were sufficient and that Celtic Bank's payment of the property's outstanding tax liability was irrelevant. Because these issues do not affect our disposition, we decline to address them.

NRS 116.001-.2122 and NRS 116.3116-.31168, or (c) exclusively NRS 116.3116-.31168. NRS 116.12075(1); *see also* NRS 278A.170 (providing that a CIC may apply the procedures set forth in NRS 116.3116-.31168 to enforce payment of association common-space maintenance assessments).

Center POA's CC&Rs comport with this statutory scheme and incorporate NRS 116.3116's delinquent assessment lien enforcement procedure. Recital D of the CC&Rs provides that real property within the POA shall only be subject to NRS Chapter 116 to the extent permitted by NRS 278A.170, which permits incorporating the chapter's assessment payment enforcement provisions. Section 10.2 of Center POA's CC&Rs provides that the POA may record a delinquent assessment lien and foreclose upon it "pursuant to a sale conducted in accordance with the provisions of (i) Covenants Nos. 6, 7 and 8 of NRS 107.030 and/or (ii) NRS 116.3116 to NRS 116.31168, inclusive, or any successor laws hereafter in effect." While NRS 107.030 is not at issue here, Section 10.2 partially incorporated NRS Chapter 116 in the CC&Rs, electing to apply NRS 116.3116-.31168 but no other provisions of NRS Chapter 116. *See* NRS 116.12075(1) (providing that a POA electing to adopt provisions of NRS Chapter 116 may designate either NRS 116.3116-.31168 or two other sets of provisions). Where a contract incorporates a statutory provision by reference, that statutory language is interpreted as though set out in the contract just as any other contract term. 11 *Williston on Contracts* § 30:19 (4th ed. 2012). Accordingly, Section 10.2 incorporated the NRS 116.3116 delinquent lien enforcement procedures, qualified by Section 10.2's subsequent statement that such a lien shall not be valid as against a prior-

SUPREME COURT
OF
NEVADA

(O) 1947A

6

recorded mortgagee.[5] *See Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc.*, 128 Nev. 384, 390, 284 P.3d 377, 380 (2012) (providing that contracts must be read as a whole to avoid negating any provision). Therefore, the nonjudicial foreclosure sale was conducted pursuant to the procedure set forth in NRS 116.3116-.31168, as constructed with regard to the CC&Rs as a whole.[6]

*Mortgage savings clauses are not necessarily unenforceable in nonresidential POAs*

In applying NRS 116.3116 here, we must resolve the apparent conflict between NRS 116.3116(2)'s superpriority provision and the mortgage savings clause contained in the CC&Rs, which purported to prevent an action pursuant to an enforcement mechanism set forth in the CC&Rs from invalidating a preexisting mortgage.

---

[5]Section 10.2 of the 2004 CC&Rs specifically provides:

> The Lien provided in this Section shall not be valid as against a bona fide purchaser (or bona fide Mortgagee) of the Lot in question unless the Lien shall have been filed in the Public Records prior to the recordation in the Public Records of the deed (or Mortgage) conveying the Lot in question to such purchaser (or subjecting the same to such Mortgage).

[6]The district court erroneously concluded that the incorporation of NRS 116.3116 cannot include the superpriority effects when NRS 116.3116 is incorporated through reference from NRS 278A.170 because NRS 278A.170 does not discuss the priority of such liens. As we acknowledge above, where a statutory provision is incorporated by reference, each part of that provision is treated as though it were written in the contract as a term. Because we affirm on different bases, this error does not affect our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

First, we conclude that mortgage savings clauses are not necessarily unenforceable in CC&Rs for a nonresidential POA. While this court has held that a mortgage savings clause in HOA CC&Rs is unenforceable as against NRS 116.3116(2)'s superpriority provision, that decision rested on both the application of NRS 116.1104, which precluded any contractual provision from curtailing the application of NRS Chapter 116, and the applicability of the entirety of NRS Chapter 116 to residential CICs. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014). Here, the Center POA's CC&Rs incorporated only NRS 116.3116-.31168, and such limited incorporation is permitted by statute. Accordingly, the basis relied upon in *SFR Investments* is not present here, and the CC&Rs must be interpreted to give force to both provisions, harmonizing their meaning without negating either.[7]

*Where CC&Rs permit both foreclosure of delinquent assessment liens and mortgage savings clauses, such provisions must be harmonized*

The Center POA's CC&Rs emphasize that enforcement of a delinquent assessment lien should not impair a prior recorded mortgage. Article XIII of Center POA's CC&Rs provides that:

> No violation of any provision of this Declaration, nor any remedy exercised hereunder, shall defeat or render invalid the lien of any Mortgage made in good faith and for value upon any portion of the Project, nor shall any Lien created hereunder be superior to any such Mortgage unless such Lien shall have been recorded in the Public Records prior

---

[7]Our conclusion in this regard is limited to nonresidential POAs electing to apply NRS 116.3116-.31168 pursuant to NRS 116.12075(1)(c), without encompassing nonresidential POAs that choose to incorporate provisions of NRS Chapter 116 pursuant to NRS 116.12075(1)(a)-(b). Such broader incorporation of NRS Chapter 116 may fall within *SFR Investments*' reasoning.

to the recordation in the Public Records of such Mortgage; provided however, that any Mortgagee or other purchaser at any trustee's or foreclosure sale shall be bound by and shall take its property subject to this Declaration as fully as any other Owner of any portion of the Project.

Section 10.2 qualifies the exercise of the NRS 116.3116 procedure by stating that a lien so enforced "shall not be valid" as against a prior recorded mortgage. NRS 116.3116(2) (2013) itself relevantly states this:

A lien under this section is prior to all other liens and encumbrances on a unit except:

. . .

(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . .

. . .

The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . .

NRS 116.3116(2) indicates that the superpriority exception against first security interests applies to certain charges and expenses incurred pursuant to NRS 116.310312 or NRS 116.3115. Neither of these statutes applies to Center POA's CC&Rs, however, because neither statute was among those statutes incorporated from NRS Chapter 116. Whatever assessment payments were due pursuant to Center POA's CC&Rs, those assessment payments did not rest on a statutory basis encompassed by NRS 116.3116(2). As such, no portion of the delinquent assessment lien

SUPREME COURT
OF
NEVADA

(O) 1947A

9

foreclosed upon had superpriority status pursuant to NRS 116.3116(2) as against Celtic Bank's prior recorded deed of trust. Moreover, to read NRS 116.3116(2)—as incorporated here as a covenant in the CC&Rs—to impair the priority of Celtic Bank's deed of trust would conflict with Article XIII of Center POA's CC&Rs and result in an unharmonious interpretation of the CC&Rs. Accordingly and consistent with the intent expressed in the mortgage savings clause to not impair prior recorded mortgages, the district court reached the correct disposition when it ruled that Vegas United took its interest subject to Celtic Bank's deed of trust when it purchased the property. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (affirming a district court order reaching the correct result, albeit for the wrong reason).

## CONCLUSION

Because Center POA's CC&Rs expressly elected to apply NRS 116.3116-.31168, those provisions were incorporated in the CC&Rs. No other provisions of NRS Chapter 116 were incorporated, however, as that statutory scheme envisions elective incorporation, either in part or in whole, by nonresidential POAs. Accordingly, NRS 116.1104 did not apply to render the CC&Rs' mortgage savings clause unenforceable, nor did the CC&Rs apply other NRS Chapter 116 provisions supporting assessments that would have superpriority status pursuant to NRS 116.3116(2). As a result, no portion of the delinquent POA assessment lien had superpriority status as against Celtic Bank's first security interest. Therefore, Vegas United

took its interest subject to Celtic Bank's deed of trust. We affirm the district court's order.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver