IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK, THROUGH THE FDIC, Respondent. | No. 79313 FILED DEC 16 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant contends that respondent was time-barred from asserting 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar). But because respondent asserted the Federal Foreclosure Bar as an affirmative defense, respondent's assertion was not subject to any limitations period. *See Dredge Corp. v. Wells Cargo, Inc.*, 80 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (examining "the interplay between statutes of limitations and defenses" and concluding that such limitations do not apply to defenses because "[w]ithout this

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-45525

exception, potential plaintiffs could simply wait until all available defenses are time barred and then pounce on the helpless defendant").

Even if assertion of the Federal Foreclosure Bar were subject to a limitations period, respondent's amended answer timely asserted the Federal Foreclosure Bar within six years of the HOA's foreclosure sale. *See JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev., Adv. Op. 68 (2020) (holding that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar). Accordingly, the district court correctly determined that respondent's assertion was not time-barred. *Cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court will affirm the district court's decision if it reached the right result, albeit for the wrong reason). The district court therefore correctly determined that appellant took title to the property subject to the first deed of trust. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Ronald J. Israel, District Judge
John Walter Boyer, Settlement Judge
Kim Gilbert Ebron
Ballard Spahr LLP/Las Vegas
Ballard Spahr LLP/Washington DC
Fennemore Craig P.C./Reno
Eighth District Court Clerk