IN THE SUPREME COURT OF THE STATE OF NEVADA

TALLARD CT TRUST,
Appellant,
vs.
SOUTHERN HIGHLANDS
COMMUNITY ASSOCIATION,
Respondent.

No. 79252

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort and contract action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, dismissal of appellant's breach-of-contract claim was appropriate because appellant's complaint failed to allege the existence of a contract between appellant and respondent. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). The HOA foreclosure process is governed strictly by statute, not by two parties entering into negotiations that are consummated

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-01505

by written agreement. *See generally* NRS 116.3116-.3117. Furthermore, a foreclosure deed is an instrument by which land is conveyed, not an enforceable contract between two parties. *See Deed, Black's Law Dictionary* (11th ed. 2019) (providing that a deed is a "written instrument by which land is conveyed"). Appellant's reliance on the foreclosure auction process and the foreclosure deed for its allegation that a contract existed between the two parties is therefore misguided.[2] Accordingly, we determine that appellant inadequately alleged the existence of a contract—the quintessential requirement for a breach-of-contract claim. *See Richardson v. Jones*, 1 Nev. 405, 408 (1865) (establishing that a plaintiff must prove the existence of a contract in a breach-of-contract claim). Appellant therefore did not state a viable claim for breach of contract.

We next conclude that appellant failed to state a viable claim for breach of the duty of good faith and fair dealing because such duty presupposes the existence of a contract. *See JPMorgan Chase Bank, N.A. v. KB Home*, 632 F. Supp. 2d 1013, 1022-23 (D. Nev. 2009) (providing that the implied duty of good faith and fair dealing "presupposes the existence of a contract" (internal quotation marks omitted)); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 233, 808 P.2d 919, 923 (1991) (noting that a claim for a breach of the duty of good faith and fair dealing is sometimes considered "a 'contort' because of its hybrid contract-tort nature"). To the extent that appellant seeks to base this claim on NRS

---

[2]We are not persuaded that the auction process or the foreclosure deed constituted a contract. Although appellant relies on NRS 111.707's definition of "contract," this definition pertains to the "Nonprobate Transfer of Property Upon Death" statutory subchapter, which is inapplicable here. In any event, the foreclosure deed's recitals did not rule out the possibility that Freddie Mac owned the loan secured by the first deed of trust.

116.1113, we note that nothing in the applicable version of NRS 116.3116-.3117 imposes a duty on an HOA to disclose whether the loan secured by the first deed of trust is federally owned or to seek the federal entity's consent to foreclose. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.                    _____, J.
Stiglich                                                           Silver


cc:    Hon. Richard Scotti, District Judge
       Kathleen J. England, Settlement Judge
       Kerry P. Faughnan
       Alverson Taylor & Sanders
       Eighth District Court Clerk