ROBERT SCOTLUND VAILE, Appellant, v. CISILIE A. PORSBOLL, fka CISILIE A. VAILE, Respondent.

No. 53687

CISILIE A. PORSBOLL, fka CISILIE A. VAILE, Appellant, v. ROBERT SCOTLUND VAILE, Respondent.

No. 53798

January 26, 2012                                         268 P.3d 1272

*Robert Scotlund Vaile*, Kenwood, California, in Proper Person.

*Willick Law Group* and *Marshal S. Willick*, Las Vegas, for Cisilie A. Porsboll.

*Catherine Cortez Masto*, Attorney General, and *Donald W. Winne, Jr.*, Deputy Attorney General, Carson City, for Amicus Curiae State of Nevada, Division of Welfare and Supportive Services, Child Support Enforcement Program.

Before SAITTA, C.J., HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, HARDESTY, J.:

In these appeals, we address the district court's authority to enforce or modify a child support order that a Nevada district court initially entered, when neither the parties nor the children reside in Nevada. We conclude that, under the Uniform Interstate Family Support Act, because no other jurisdiction has entered an order concerning child support, the Nevada order controls and the district court retains subject matter jurisdiction to enforce the Nevada order, but since the parties and children do not reside in Nevada and the parties have not consented to the district court's exercise of jurisdiction, the district court lacks subject matter jurisdiction to modify the support order. On this latter point, we take this opportunity to explain the distinction between a family court order that modifies a prior order and one that merely clarifies the prior order. Because we conclude that the district court in the present case impermissibly modified the child support obligation set forth in the divorce decree, we reverse the district court's order and remand this matter to the district court for further proceedings.

### BACKGROUND

In 1998, Robert Scotlund Vaile and Cisilie A. Porsboll were granted a divorce in a Nevada district court proceeding. The divorce decree adopted and incorporated the terms of the parties' separation agreement with regard to, among other things, the payment of child support. Under the agreement, Vaile was obligated to pay Porsboll monthly child support according to a specific formula that was calculated based on the parties' annual exchange of tax return information or income statements to determine their combined income. Although the parties' compliance with the provision is not entirely clear from the documents before us, the district court

found that the parties never exchanged tax returns or otherwise complied with the requirements of this agreement, but that Vaile nonetheless paid $1,300 a month in child support from August 1998 to April 2000. The district court further found that, thereafter, Vaile ceased voluntarily paying child support.

In November 2007, Porsboll, through counsel, filed in the district court a motion seeking ''to establish a sum certain due each month in child support'' and to ''reduce arrears in child support to judgment.'' Porsboll's motion asked the district court to establish a fixed monthly child support obligation for Vaile based on Nevada's child support statute without regard to the parties' agreed-upon formula adopted in the decree, to calculate arrears, and to reduce those arrears to judgment. In particular, the motion sought to have the support set at the $1,300 amount that Vaile had previously paid. The district court granted Porsboll's motion, set Vaile's monthly child support obligation at $1,300 and used that figure to calculate his support arrearages, which it then reduced to judgment. The district court subsequently imposed penalties on the arrearages amount under NRS 125B.095. When Porsboll filed her motion, neither the parties nor the children resided in Nevada.[1] Both Vaile and Porsboll filed separate appeals challenging the district court's rulings, and the parties' appeals were consolidated for the purpose of this court's appellate review.

In the appeal pending in Docket No. 53687, Vaile, proceeding in proper person, raises various challenges to the district court's child support and penalty determinations, including an assertion that the district court impermissibly modified the support award contained in the divorce decree, as it lacked subject matter jurisdiction to do so.[2] In Docket No. 53798, Porsboll challenges the methodology used by the district court to determine the statutory penalty amount imposed on Vaile under NRS 125B.095 and the ensuing penalties.

## DISCUSSION

The primary issue presented in these appeals is whether the district court had subject matter jurisdiction to enforce or modify its child support order when the parties and their children do not reside in Nevada. Nevada's version of the Uniform Interstate Family Support Act (UIFSA), NRS Chapter 130, controls our resolution

---

[1]Based on the parties' filings in this court, Vaile currently resides in California, and Porsboll and the children live in Norway.

[2]We reject Vaile's attempt to resurrect challenges to Nevada's personal jurisdiction over the parties, which were previously determined in *Vaile v. District Court*, 118 Nev. 262, 268-77, 44 P.3d 506, 511-16 (2002). Moreover, the Nevada district court retains continuing personal jurisdiction over the parties under NRS 130.202.

of this issue. After concluding that the district court had subject matter jurisdiction to enforce the Nevada child support order, we then consider whether the district court's determination that Vaile owes $1,300 per month in child support constitutes a modification or a clarification of the initial support obligation.

*Subject matter jurisdiction*

Enacted in all 50 states, the UIFSA creates a single-order system for child support orders, which is designed so that only one state's support order is effective at any given time. Unif. Interstate Family Support Act prefatory note (2001), 9/IB U.L.A. 163 (2005); *see also Lunceford v. Lunceford*, 204 S.W.3d 699, 702 (Mo. Ct. App. 2006). To facilitate this single-order system, UIFSA provides a procedure for identifying the sole viable order, referred to as the controlling order, required for UIFSA to function. *See* NRS 130.207 (addressing the recognition and determination of the controlling child support order); Unif. Interstate Family Support Act § 207 cmt. (2001), 9/IB U.L.A. 198-99 (2005). Under UIFSA's statutory scheme, a court with personal jurisdiction over the obligor has the authority to establish a child support order and to retain jurisdiction to enforce or modify the order until certain conditions occur that end the issuing state's jurisdiction and confer jurisdiction on another state.[3] *Jurado v. Brashear*, 782 So. 2d 575, 579 (La. 2001); *see also Upson v. Wallace*, 3 A.3d 1148, 1156 (D.C. 2010) ("Although the UIFSA never speaks explicitly of 'subject matter jurisdiction,' the terms that it does use—'jurisdiction' and 'continuing exclusive jurisdiction'—are simply alternative ways of referring to subject matter jurisdiction . . . .").

One such condition that calls the issuing state's jurisdiction into question occurs when the parties and the children for whose benefit the support order has been entered do not reside in the issuing state when a motion concerning child support is filed. *See* NRS 130.205(1)(a). Under these circumstances, the fact that the parties and the children do not reside in the issuing state does not divest the issuing state of jurisdiction to enforce its support order when that order is the controlling order and has not been modified by another state in accordance with UIFSA. *See* NRS 130.206 (discussing continuing jurisdiction to enforce a child support order); *Sidell v. Sidell*, 18 A.3d 499, 510-11 (R.I. 2011); *Nordstrom v. Nordstrom*, 649 S.E.2d 200, 204 (Va. Ct. App. 2007); Unif. Interstate Family Support Act § 206 cmt. (2001), 9 U.L.A. 196 (2005) (noting that "the validity and enforceability of the controlling order continues unabated until it is fully complied with, unless

---

[3]NRS 130.10139 defines "issuing state" as a "state in which a tribunal issues a support order . . . ."

it is replaced by a modified order issued in accordance with [UIFSA]," and that "even if the individual parties and the child no longer reside in the issuing State, the controlling order remains in effect and may be enforced by the issuing State or any responding State . . . ."). But even when the issuing state's order has not been modified by another state and the order remains controlling, if the parties and the children do not reside in the issuing state, the issuing state lacks authority to modify the support order. *See* NRS 130.205(1)(a); *Dept. of Economic Sec. v. Tazioli*, 246 P.3d 944, 946 (Ariz. Ct. App. 2011); *Brown v. Hines-Williams*, 2 A.3d 1077, 1081 (D.C. 2010); *McLean v. Kohnle*, 940 So. 2d 975, 978-79 (Miss. Ct. App. 2006); *Lilly v. Lilly*, 250 P.3d 994, 998-1003 (Utah Ct. App. 2011); *Nordstrom*, 649 S.E.2d at 202-05; *but see* NRS 130.205(1)(b) (providing that the parties may consent to the issuing state exercising subject matter jurisdiction to modify a child support order).

Here, there is only one child support order, the order issued by the Nevada district court as part of the divorce decree.[4] Thus, the Nevada order controls. NRS 130.207(1) (providing that, "[i]f a proceeding is brought under this chapter and only one tribunal has issued a child-support order, the order of that tribunal controls and must be so recognized"). Moreover, it is undisputed that neither the parties nor their children resided in Nevada when Porsboll filed her child support motion, and no party asserts that he or she consented to the Nevada court's continued exercise of jurisdiction. As a result, the Nevada district court lacked subject matter jurisdiction to modify the support obligation contained in the divorce decree. NRS 130.205(1). Thus, we must determine whether the district court impermissibly modified the child support obligation under UIFSA when it imposed a sum certain payment of $1,300 per month as Vaile's child support obligation, or if that determination was a clarification of the child support order for the purpose of enforcement.

*Modification versus clarification*

On appeal, Vaile contends that setting his support payments at the sum certain of $1,300 per month constitutes a modification of the support obligation contained in the divorce decree. Porsboll disagrees, asserting that the district court merely clarified, rather

---

[4]Although the parties' appellate filings and various parts of the appellate record allude to a possible child support order entered by a Norway court, no such order is contained in the appellate record, nor does it appear that the district court was provided with any such order. Consequently, on remand, the district court must determine whether such an order exists and assess its bearing, if any, on the district court's enforcement of the Nevada support order.

than modified, the support obligation. The district court's order shows that the court initially concluded, without explanation, that setting the $1,300 support payment was a clarification. In a subsequent order, however, the district court stated that "the convoluted portions of the [divorce decree had been] vacated and modified . . . to reflect $1,300.00 per month as a 'sum certain.'"[5] In that same order, the district court later returned to describing its setting of the $1,300 payment as having "clarified the child support order." This court has not addressed the distinction between a modification and a clarification of a prior district court order in the family law context.

Other courts that have addressed the issue look to whether the challenged order changes the parties' rights under the earlier order or merely defines the parties' existing rights. In *Collins v. Billow*, 592 S.E.2d 843, 844-45 (Ga. 2004), the Georgia Supreme Court addressed whether the establishment of a sum certain payment amount of $140 per week constituted a modification of a divorce decree provision that required the wife to pay the husband child support in the amount of 23 percent of her annual income or $115 per week. The court concluded that the establishment of the $140 per week payment constituted a modification because, if the sum certain amount had been based on a calculation of 23 percent of the wife's current income in accordance with the decree, that would have resulted in a weekly payment of $158.[6] *Id.* at 845; *see also In Re Marriage of Jarvis*, 792 P.2d 1259, 1261-62 (Wash. Ct. App. 1990) (addressing whether a trial court had modified or clarified a provision providing for child support while one of the children was enrolled as a full-time student in college and applying the rule that a divorce decree is modified when parties' rights are extended or reduced beyond those set forth in the decree, while a clarification involves the definition of rights previously awarded). Also useful to our consideration is a North Dakota Supreme Court case, *Stoelting v. Stoelting*, 412 N.W.2d 861, 862-63 (N.D. 1987), that addressed the propriety of a trial court's al-

---

[5]The phrase "sum certain" in this context comes from NRS 125B.070(1)(b) (defining "obligation for support" as "the sum certain dollar amount determined according to" a schedule provided in that statute).

[6]*But see Paschal v. Paschal*, 117 S.W.3d 650, 652 (Ark. Ct. App. 2003) (concluding, in a case where a sum certain payment amount was required by administrative order but the divorce decree did not provide such a figure, that a subsequent order establishing sum certain child support payments using Arkansas's child support charts was a clarification rather than a modification because an order that "fails to recite the amount of support . . . has no sum certain . . . capable of modification," but nonetheless noting that the decree was "unambiguous in that the parties intended to set child support in accordance with the child-support chart").

teration of a divorce decree, which changed the nature of certain payments made by one party from payments for the purpose of property settlement to alimony and separate maintenance payments. In rejecting an argument that this action was not a modification, but instead constituted a mere clarification of the decree, the *Stoelting* court noted that the distinction between a modification and a clarification is that a clarification provides definition to the parties' obligations, but leaves the parties' substantive rights unchanged. *Id.* at 863; *see also Boucher v. Boucher*, 191 N.W.2d 85, 89 (Mich. Ct. App. 1971) (noting that the distinction between a modification and a clarification in the context of a divorce decree turns on whether changes are made to the parties' substantive rights); *Ulrich v. Ulrich*, 400 N.W.2d 213, 218 (Minn. Ct. App. 1987) (recognizing that, in the property-division context, a trial court has the authority to clarify and construe a divorce decree so long as the parties' substantive rights are not altered). We find these decisions instructive, and therefore conclude that in the family law context a modification occurs when the district court's order alters the parties' substantive rights, while a clarification involves the district court defining the rights that have already been awarded to the parties. *Compare* NRS 125A.115 (providing in the child-custody-jurisdiction-and-enforcement context that ''modification'' ''means a child custody determination that changes, replaces, supersedes or is otherwise made after a previous determination concerning the same child . . . .'').

Applying this approach to the district court's order in this case establishing the $1,300 per month sum certain support obligation, we conclude that this determination constituted a modification of the support obligation. Pursuant to the parties' separation agreement, which was adopted and incorporated into the divorce decree, the monthly support payment was to be redetermined each year and the parties were required to exchange tax return information or a certified statement of their income, which would then be used to determine the monthly child support obligation using the agreed-upon formula.[7] Thus, under the decree's terms it was possible for Vaile's monthly support obligation to change from year to year. By setting Vaile's monthly support payment at the fixed amount of $1,300 per month, the district court substantively altered the par-

---

[7]Because the parties' agreement was merged into the divorce decree, to the extent that the district court purported to apply contract principles, specifically, rescission, reformation, and partial performance based on Vaile's initial payments of $1,300 and Porsboll's acceptance of these payments to support its decision to set the payments at $1,300, any application of contract principles to resolve the issue of Vaile's support payments was improper. *See Day v. Day*, 80 Nev. 386, 389-90, 395 P.2d 321, 322-23 (1964) (concluding that when a support agreement is merged into a divorce decree, the agreement loses its character as an independent agreement, unless both the agreement and the decree direct the agreement's survival).

ties' rights, such that the district court modified, rather than clarified, the support obligation contained in the divorce decree and thereby exceeded its jurisdiction in violation of NRS 130.205(1).[8]

Because we conclude that the district court's establishment of a $1,300 per month sum certain for Vaile's child support obligation constituted an impermissible modification of the original support obligation, we reverse the district court's order setting Vaile's support payment at $1,300, and we further reverse the arrearages calculated using the $1,300 support obligation and the penalties imposed on those arrearages. We remand the matter to the district court for further proceedings consistent with this opinion.[9]

SAITTA, C.J., and PARRAGUIRRE, J., concur.

---

[8]Given that the district court lacked subject matter jurisdiction to modify the support obligation, the assertion that the district court's establishment of a "sum certain" figure for Vaile's support payments was made to comply with the 2001 amendment to NRS 125B.070(1)(b) is unavailing.

[9]With regard to Vaile's remaining challenges to the district court's decision, to the extent they are not explicitly addressed herein, we have considered Vaile's arguments and conclude that they lack merit. Additionally, in light of our resolution of this matter, we do not reach Porsboll's challenge, in Docket No. 53798, to the methodology employed by the district court to calculate Vaile's statutory penalties and the ensuing penalties.