133 Nev., Advance Opinion 30

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT SCOTLUND VAILE,<br>Appellant,<br>vs.<br>CISILIE A. VAILE, N/K/A CISILIE A.<br>PORSBOLL,<br>Respondent. | No. 61415 |
| ROBERT SCOTLUND VAILE,<br>Appellant,<br>vs.<br>CISILIE A. VAILE, N/K/A CISILIE A.<br>PORSBOLL,<br>Respondent. | No. 62797 |



FILED

JUN 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Consolidated appeals from district court orders in a child support arrearages matter. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

*Affirmed.*

Robert Scotlund Vaile, Wamego, Kansas,
in Pro Se.

Willick Law Group and Marshal S. Willick, Las Vegas,
for Respondent.

17-20696

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, DOUGLAS, J.:

In this appeal, we are asked to consider: (1) whether a Nevada child support order controlled over a Norway order, and (2) whether this court lacks jurisdiction over appellant's challenges to contempt findings. We conclude that pursuant to NRS 130.207, the Nevada child support order controls. We further conclude that this court has jurisdiction over the challenges to contempt findings and sanctions in the order appealed from in Docket No. 61415, but we need not consider them because appellant has failed to assert cogent arguments or provide relevant authority in support of his claims. Thus, we affirm the judgments of the district court.

## *FACTS AND PROCEDURAL HISTORY*

This appeal involves a complex factual background that culminated in a divorce decree entered by a Nevada district court and a dispute over custody of the parties' children. This court first encountered this case in 2000 and resolved the matter in 2002. *See Vaile v. Eighth Judicial Dist. Court (Vaile I)*, 118 Nev. 262, 44 P.3d 506 (2002). Appellant Robert Scotlund Vaile and respondent Cisilie Porsboll were married in Utah in 1990 and filed for divorce in Nevada in 1998. *Id.* at 266-67, 44 P.3d at 509-10. Vaile is a citizen of the United States, while Porsboll is a citizen of Norway. *Id.* at 266, 44 P.3d at 509. Their children habitually resided in Norway. *Id.* at 277, 44 P.3d at 516.

We encountered the case again in 2009 and resolved the matter in 2012. *See Vaile v. Porsboll (Vaile II)*, 128 Nev. 27, 268 P.3d 1272 (2012). Following their divorce, the district court entered an order imposing statutory penalties against Vaile due to child support arrearages. *Id.* at 29, 268 P.3d at 1273. "[W]e address[ed] the district court's authority to enforce or modify a child support order that a Nevada district court initially entered," even though "neither the parties nor the children reside[d] in Nevada." *Id.* at 28, 268 P.3d at 1273. Ultimately, we reversed the district court's order and remanded the matter, holding that: (1) the district court lacked subject matter jurisdiction to modify the child support obligation pursuant to the Uniform Interstate Family Support Act (UIFSA), and (2) setting the support obligation at a fixed amount constituted a modification of the support obligation. *Id.* at 33-34, 268 P.3d at 1276-77. However, we noted that because no other jurisdiction had entered an order regarding child support, the order from Nevada controlled. *Id.* at 31, 268 P.3d at 1275. In a footnote, we stated that because the parties alluded to a Norway child support order, "on remand, the district court must determine whether such an order exists and assess its bearing, if any, on the district court's enforcement of the Nevada support order." *Id.* at 31 n.4, 268 P.3d at 1275 n.4. On remand, the district court determined that Norway entered a child support order; however, the court concluded that the Nevada support order controlled because Norway lacked jurisdiction to modify the Nevada order.

These consolidated appeals followed. In Docket No. 61415, Vaile challenges a district court order awarding Porsboll child support arrearages and penalties and reducing them to judgment, as well as finding him in contempt of court. In Docket No. 62797, Vaile challenges

an order finding him in default for failure to appear, sanctioning him for violating court orders, and finding him in further contempt of court for failing to pay child support.

On appeal, the court of appeals issued an order, in pertinent part, concluding that Nevada's child support order controlled over Norway's order. *See Vaile v. Vaile*, Docket Nos. 61415 & 62797 (Order Affirming in Part, Dismissing in Part, Reversing in Part, and Remanding, Dec. 29, 2015). The court further concluded that it lacked jurisdiction to consider Vaile's challenges to his contempt findings. *Id.* On rehearing, the court of appeals clarified its previous order but still affirmed its conclusions that Norway lacked jurisdiction to modify the Nevada decree and the Nevada decree was the controlling child support order. *See Vaile v. Vaile*, Docket Nos. 61415 & 62797 (Order Granting Rehearing in Part, Denying Rehearing in Part, and Affirming, Apr. 14, 2016). Thereafter, Vaile filed a petition for review, which this court granted. *See Vaile v. Vaile*, Docket Nos. 61415 & 62797 (Order Granting Petition for Review, Sept. 22, 2016). This court determined that two issues in the petition warrant review: (1) "whether the Nevada child support order controlled under the appropriate [UIFSA] statute," and (2) "whether the Court of Appeals lacked jurisdiction to consider [Vaile's] challenges to the district court's contempt findings and sanctions." *Id.*[1]

---

[1]As to Vaile's remaining issues that are not addressed in our opinion, we affirm the district court.

## DISCUSSION

*Whether the Nevada child support order controls*

The parties dispute whether the Nevada or Norway child support order controls in this case. According to Vaile, the Norway child support order controls pursuant to NRS 130.207. We disagree and conclude that the Nevada order controls.

The UIFSA, codified in NRS Chapter 130, is a uniform act enacted in all 50 states that "creates a single-order system for child support orders, which is designed so that only one state's support order is effective at any given time."[2] *Vaile II*, 128 Nev. at 30, 268 P.3d at 1274. "To facilitate this single-order system, UIFSA provides a procedure for identifying the sole viable order, referred to as the controlling order . . . ." *Id.*

NRS 130.205(1) requires three things in order for Nevada to have continuing and exclusive jurisdiction to modify a child support order: (1) a court in this state issued the order consistent with the laws of this state; (2) the order is the controlling order; and (3) either the state is the residence of one of the parties or of the child, or the parties have consented to the court's continuing jurisdiction. Thus, even if no party resides in

---

[2]NRS 130.105 provides that tribunals in Nevada will apply NRS Chapter 130 to foreign support orders. Further, 42 U.S.C. § 659a(a) (2012) provides that the U.S. government can enter into a reciprocating agreement concerning support orders with a foreign country and the U.S. has, in fact, entered into such an agreement with Norway, *see* Notice of Declaration of Foreign Countries as Reciprocating Countries for the Enforcement of Family Support (Maintenance) Obligations, 79 Fed. Reg. 49,368 (Aug. 20, 2014).

 

Nevada, "the parties [may] consent in a record or in open court that the tribunal of this State may continue to exercise jurisdiction to modify its order." NRS 130.205(1)(b).

Under two circumstances Nevada may modify a registered child support order from another state. NRS 130.611. The first requires that (1) none of the parties, including the child, reside in the issuing state; (2) the party seeking modification is a nonresident of Nevada; and (3) "[t]he respondent is subject to the personal jurisdiction of the tribunal of this State." NRS 130.611(1)(a). The second requires that (1) Nevada is the child's state of residence or a party is subject to the personal jurisdiction of the tribunal of Nevada, and (2) all parties have consented to Nevada's jurisdiction in the issuing state. NRS 130.611(1)(b).

NRS 130.611 only applies, however, when the tribunal of Nevada attempts to modify another state's child support order. If, on the other hand, two competing child support orders exist, NRS 130.207 will establish which order controls. NRS 130.611(3). Here, the Norway order did not claim to modify the Nevada order. As a result, the requirements for modification jurisdiction pursuant to NRS 130.611 do not apply. Because there were two competing child support orders in this case, the correct inquiry is which order controlled under NRS 130.207.

NRS 130.207(2) determines which child support order controls when both a Nevada court and a foreign country issue child support orders. In relevant part, a tribunal of Nevada with personal jurisdiction shall apply the following specific rules to conclude which order controls: (1) "[i]f only one of the tribunals would have continuing and exclusive jurisdiction under [NRS Chapter 130], the order of that tribunal controls";

(2) "[i]f more than one of the tribunals would have continuing and exclusive jurisdiction, . . . an order issued by a tribunal in the current home state of the child controls, or if an order has not been issued in the current home state of the child, the order most recently issued controls"; and (3) "[i]f none of the tribunals would have continuing and exclusive jurisdiction, . . . the tribunal of [Nevada] shall issue a child-support order which controls." NRS 130.207(2)(a)-(c).

Here, Porsboll applied for stipulation of child support in Norway, and an administrative order concerning child support was ultimately issued. However, the order does not clearly establish Norway's continuing and exclusive jurisdiction under NRS Chapter 130. Further, the record does not establish that both parties consented to Norway's continuing and exclusive jurisdiction over this matter. Accordingly, NRS 130.207(2)(a) applies and the Nevada order controls. Thus, while the district court did not apply our procedural analysis, its conclusion was ultimately correct. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason."). We affirm on this issue.

*Whether this court lacks jurisdiction to consider the contempt challenges*

Vaile contends that this court has jurisdiction to consider his challenges to his contempt sanctions because those sanctions arose from the underlying child support order. We agree.

As a preliminary matter, the order appealed from in Docket No. 62797 is not an appealable order because it solely concerns contempt. *See Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5

P.3d 569, 571 (2000) (stating that "[n]o rule or statute authorizes an appeal from an order of contempt"). Thus, this court lacks jurisdiction to consider Vaile's challenges to that order. Nevertheless, the order appealed from in Docket No. 61415 pertained to child support and contempt. Pursuant to NRAP 3A(b)(8), Vaile can appeal from a special order entered after a final judgment, including an order determining which child support order controls. *See Lewis v. Lewis*, 132 Nev., Adv. Op. 46, 373 P.3d 878, 881 (2016) (considering challenges to contempt findings and sanctions in an order that modified child custody). As a result, if the contempt finding or sanction is included in an order that is otherwise independently appealable, this court has jurisdiction to hear the contempt challenge on appeal. Therefore, Vaile can challenge the contempt findings and sanctions in the order appealed from in Docket No. 61415. However, because Vaile has failed to assert cogent arguments or provide relevant authority in support of his claims, we need not consider his contempt challenges to the order appealed from in Docket No. 61415. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider claims that are not cogently argued or supported by relevant authority).

## CONCLUSION

We conclude that pursuant to NRS 130.207, the Nevada child support order controls. We further conclude that this court has jurisdiction over the challenges to contempt findings and sanctions in the order appealed from in Docket No. 61415, but we need not consider them because Vaile failed to provide cogent arguments or relevant authority in support of his claims. Thus, we affirm the judgments of the district court.

_____, J.
Douglas

We concur:

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

