IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
WELFARE AND SUPPORTIVE
SERVICES, CHILD SUPPORT
ENFORCEMENT PROGRAM; AND
KIERSTEN GALLAGHER, (SOCIAL
SERVICES MGR II),
Appellants,
vs.
CISILIE A. PORSBOLL, F/K/A CISILIE
A. VAILE,
Respondent.

No. 77070

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF REVERSAL*

This is an appeal from a district court order granting a motion seeking a writ of mandamus in a divorce action.[1] Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

Respondent Cisilie Porsboll filed a motion in her divorce case seeking a writ of mandamus directing appellant, State of Nevada Department of Health and Human Services, Division of Welfare and Supportive Services, Child Support Enforcement Program (CSEP), to take action to have a Nevada child support order enforced in Kansas, where Porsboll's ex-husband now lives.[2] CSEP previously informed Porsboll that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]We do not recount the underlying facts except as necessary to our disposition, but we note the extensive litigation surrounding the Nevada support order as evidenced by numerous previous appeals. *See, e.g., Vaile*

19·38094

it was closing the child support action involving her ex-husband because Kansas courts held that the Nevada support order was invalid and had entered a permanent injunction prohibiting the enforcement of the Nevada support order in Kansas. The district court granted Porsboll's motion and issued a writ of mandamus requiring CSEP to take all necessary steps to collect child support due under the Nevada support order and to overturn the Kansas injunction. CSEP now appeals.

CSEP first argues that the district court lacked subject matter jurisdiction to issue the writ of mandamus. We review de novo, *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) ("Subject matter jurisdiction is a question of law subject to de novo review."), and conclude that the family court has jurisdiction to issue such writs. "[A] judge sitting in family court has all the constitutional powers and procedural and substantive instruction of a district judge," *Landreth v. Malik*, 127 Nev. 175, 185, 251 P.3d 163, 170 (2011), which would include the power to issue writs of mandamus, *see* Nev. Const., art. 6 § 6; NRS 34.160 (providing that a writ of mandamus may be issued by a district court or a judge of the district court).[3]

---

*v. Vaile*, 133 Nev. 213, 396 P.3d 791 (2017); *Vaile v. Porsboll*, 128 Nev. 27, 268 P.3d 1272 (2012); *Vaile v. Vaile*, 118 Nev. 262, 44 P.3d 506 (2002).

[3]We also decline to reverse based on CSEP's arguments that Porsboll could only seek writ relief via a separate petition, rather than a motion within a case; that Porsboll improperly added CSEP to the action in its motion seeking writ relief; or that the district court lacked personal jurisdiction over CSEP based on an alleged failure to serve the petition. Any error in these regards are curable defects and we therefore choose to address only the substantive issues presented.

CSEP next argues that the district court erred in issuing the writ of mandamus because the writ directs CSEP to take actions that the law does not compel. We agree. NRS 34.160 provides that a district court may issue a writ "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station." *See also Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). And, pursuant to NRS 130.307, CSEP is only required to provide services such as those the district court ordered in its writ after a request is made. NRS 130.307(1) (providing that CSEP must provide services to an applicant in Chapter 130 proceedings "upon request"). We see no evidence in the record on appeal showing that Porsboll made such a request and she does not claim to have made one in her appellate brief. The district court therefore erred in issuing the writ of mandamus compelling CSEP to act because Porsboll had not submitted an application for services triggering CSEP's duty to act under NRS 130.307. *See Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010) (holding that this court reviews decisions on writ petitions that raise statutory interpretation questions de novo); *State v. Gracey*, 11 Nev. 223, 234 (1876) (observing that a writ shall not issue before a party is legally obligated to perform a duty that the law compels). Furthermore, CSEP appears to have satisfied all of its duties under NRS 130.307(2) to Porsboll by making multiple efforts to have the Nevada support order enforced in Kansas and notifying Porsboll that it was unable to provide further services

due to the Kansas court's permanent injunction.[4] We therefore conclude that the district court erred in granting Porsboll's motion and issuing the writ of mandamus. Accordingly, we

ORDER the judgment of the district court REVERSED.[5]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc: Hon. Cheryl B. Moss, District Judge, Family Court Division
Ara H. Shirinian, Settlement Judge
Attorney General/Reno
Attorney General/Carson City
Attorney General/Las Vegas
Willick Law Group
Robert Scotlund Vaile
Eighth District Court Clerk

---

[4]We reject Porsboll's argument based on NRS 130.307(3), as that subsection only applies when CSEP seeks to have a support order enforced in Nevada.

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A