# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY O. GARMONG,
Appellant,
vs.
LYON COUNTY BOARD OF
COMMISSIONERS; SMITH VALLEY
FIRE PROTECTION DISTRICT; AND
SACRAMENTO VALLEY LIMITED
PARTNERSHIP, D/B/A VERIZON
WIRELESS,
Respondents.

No. 74644

FILED

MAY 03 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appeal from a district court order dismissing a petition and an amended petition for a writ of mandamus. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge; Third Judicial District Court, Lyon County; Steven Elliott, Judge.

Before this court is a case involving the issuance of a special use permit, and whether a fire district has the authority to lease its own land. The district court denied appellant Gregory Garmong's writ petition, holding that: (1) Garmong's claims challenging the Lyon County Board of Commissioners' approval of the special use permit was time barred by NRS 278.0235; and (2) Smith Valley Fire District had the inherent authority to lease its land to Sacramento Valley Limited Partnership, d/b/a Verizon Wireless. Having reviewed the parties' arguments, and the facts in the record, we conclude that Garmong lacks standing to bring this writ petition, and therefore, affirm the district court's denial of the writ petition based on a lack of standing. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district

19-19491

court's order if the district court reached the correct result, even if for the wrong reason.").

While ordinarily issues not litigated in the district court are waived on appeal, issues of jurisdiction may be considered for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, *unless it goes to the jurisdiction of that court*, is deemed to have been waived and will not be considered on appeal." (emphasis added)). Additionally, parties may not, as Garmong and the respondents did in the district court, stipulate to a question of subject matter jurisdiction. *Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 275, 44 P.3d 506, 515 (2002) ("Parties may not confer jurisdiction upon the court by their consent when jurisdiction does not otherwise exist.").

In order for a party to have standing to seek writ relief, and thus for the district court to have subject matter jurisdiction over a petition for writ relief, the party must be "beneficially interested" in the matter. *See Heller v. Legislature of Nev.*, 120 Nev. 456, 460-61, 93 P.3d 746, 749 (2004) ("To establish standing in a mandamus proceeding, the petitioner must demonstrate a 'beneficial interest' in obtaining writ relief." (quoting NRS 34.170)). This beneficial interest requirement has been interpreted to mirror the common law standing requirement—that is, the petitioner must receive a "direct benefit" if the writ is issued and suffer a "direct detriment" if it is not issued. *Id.* at 461, 93 P.3d at 749 (internal quotation marks omitted). In essence, the party seeking writ relief must show a "direct and substantial interest" not just a generalized interest as a citizen. *Id.* (internal quotation marks omitted).

Garmong does not argue that he has any direct and substantial interest in obtaining writ relief, rather he argues that he has a generalized

interest "in having the laws executed and the public duties and rights enforced." To support the argument that this generalized interest confers standing, Garmong relies on *State v. Gracey*, 11 Nev. 223 (1876). The *Gracey* court explained that a party is not required to show that he has a direct and substantial interest to petition for writ relief. *Id.* at 229-30. However, the *Gracey* decision was issued before NRS 34.170 was enacted. Under NRS 34.170, a writ petitioner must show a direct and substantial interest. *See Heller*, 120 Nev. at 461, 93 P.3d at 749. Therefore, Garmong's reliance on *Gracey* is misplaced.

Accordingly, because Garmong fails to show a direct and substantial injury, and instead relies on a generalized injury, we hold that Garmong has not met the standing requirement for seeking writ relief. Thus, the district court did not have jurisdiction to consider Garmong's writ petition. As such, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Chief Judge, The Third Judicial District Court
Hon. Steven Elliott, Senior Judge
David Wasick, Settlement Judge
Carl M. Hebert
McGuire Woods LLP
McDonald Carano LLP/Reno
Alling & Jillson, Ltd.
Lyon County District Attorney
Third District Court Clerk