# IN THE SUPREME COURT OF THE STATE OF NEVADA

SABRECO, INC., A NEVADA CORPORATION,
Appellant/Cross-Respondent,
vs.
DAGGER PROPERTIES 1, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAGGER PROPERTIES 2, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAGGER PROPERTIES 3, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAGGER PROPERTIES 4, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAGGER PROPERTIES 5, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAGGER PROPERTIES 6, LLC, A NEVADA LIMITED LIABILITY COMPANY; SANCTUARY HOMES, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND SANCTUARY CONDOS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents/Cross-Appellants.

No. 75225



FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a final judgment in a contract action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant/cross-respondent Sabreco, Inc., is a property management company in Nevada previously operated by William Schulte. In the early 2000s, Sabreco entered into property management contracts with Gary Horns. Respondents/cross-appellants (collectively, Dagger) are

19-44858

various limited liability companies later formed by Horns. Leases with Dagger tenants named Sabreco as their property manager as early as 2009. It is undisputed that between 2009 and 2011, William pre-signed checks for Sabreco's operating and security deposit accounts. Additionally, William authorized his bookkeeper to deposit, disburse, and reconcile funds in the accounts. Because William failed to properly supervise his bookkeeper, she was able to misappropriate and embezzle $204,157.86 from various property owner accounts, including Dagger accounts. Dagger terminated Sabreco as its property management firm in August 2012. Meanwhile, William and Melani Schulte entered into divorce proceedings, and Melani took over control of Sabreco in fall 2012.

In 2014, Dagger initiated legal action against Sabreco and sought recovery of its funds, including prepaid rents, security deposits, and reserves because of the intentional torts committed by Sabreco's employee. Dagger also sought to hold and recover from Melani individually as the owner of Sabreco. Dagger entered into a stipulated judgment against William prior to trial, and none of the parties contest the stipulated judgment on appeal.

After lengthy and convoluted litigation, including a two-day bench trial followed by supplemental briefing and a supplemental hearing, the district court ultimately found Sabreco liable for the intentional torts committed by its bookkeeper and awarded damages to Dagger, except for the security deposits collected by Sabreco. Additionally, the district court found Melani was not personally liable.

On appeal, Sabreco argues that the district court erred in finding that Dagger had standing to sue as a real party in interest, and that the district court abused its discretion in concluding that Sabreco was liable

for the intentional torts committed by its employee. Dagger argues on cross-appeal that the district court erred in concluding that Melani could not be held personally liable for the debts of the community.

*Dagger is a real party in interest*

"Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). NRCP 17(a) provides that every "action must be prosecuted in the name of the real party in interest." "A real party in interest is one who possesses the right to enforce the claim and has a significant interest in the litigation. The inquiry into whether a party is a real party in interest overlaps with the question of standing." *Arguello*, 127 Nev. at 368, 252 P.3d at 208 (internal citation and quotation marks omitted).

Here, Horns testified that he and his wife owned several properties individually until approximately 2007, when they formed the Dagger limited liability companies. Thereafter, the properties were transferred to those companies. Although new leases were not generated for existing properties and Sabreco continued as the property manager, as new tenants arrived, new leases were drawn up in Dagger's name only and with Sabreco signing as the property manager. Thus, we conclude that Dagger "possesse[d] the right to enforce the claim and ha[d] a significant interest in the litigation." *Arguello*, 127 Nev. at 368, 252 P.3d at 208, and the district court did not err in finding that Dagger was the real party in interest "for purposes of the actions described in the complaint."

*Sabreco is liable for the intentional torts committed by its employee*

Sabreco next argues that it should not be held liable because the actions of its bookkeeper were an independent venture and embezzlement was not foreseeable. *See* NRS 41.745(1)(a)-(c) (providing that an employer is not liable for the intentional torts of employees if: (1) the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

tortious act was an "independent venture of the employee," (2) the tort "[w]as not committed in the course of the very task assigned to the employee," and (3) the tort "[w]as not reasonably foreseeable under the facts and circumstances of the case").

We review a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence. *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

The facts and circumstances of this case demonstrate that William pre-signed checks for Sabreco's operating and security deposit accounts, and that he authorized his bookkeeper to deposit, disburse, and reconcile funds in the accounts. The evidence also showed that William failed to properly supervise his bookkeeper, enabling her to misappropriate and embezzle $204,157.86 from various property owner accounts. Based on these facts, we conclude that "a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." NRS 41.745(1). Because substantial evidence in the record supports the district court's finding, we conclude that the district court did not abuse its discretion in holding Sabreco liable for the tortious conduct of its employee.

*Melani cannot be held personally liable under a community property theory*

Dagger argues on cross-appeal that it was error for the district court to find that Melani was not personally liable for the debts of the community. We disagree.

A complaint must "set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has

adequate notice of the nature of the claim and relief sought." *W. States Constr., Inc. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992). "Nevada has long recognized that . . . the equitable remedy of piercing the corporate veil may be available" if a plaintiff shows "the corporation is acting as the alter ego of a controlling individual." *LFC Mktg. Grp., Inc. v. Loomis*, 116 Nev. 896, 902, 8 P.3d 841, 845 (2000) (internal quotation marks omitted). "[T]he essence of the alter ego doctrine is to do justice whenever it appears that the protections provided by the corporate form are being abused." *Id.* at 903, 8 P.3d at 845-46 (internal quotation marks omitted). Pursuant to NRS 78.747(2), to prove alter ego a plaintiff must show "(a) [t]he corporation is influenced and governed by [the defendant]; (b) [t]here is such unity of interest and ownership that the corporation and [the defendant] are inseparable from each other; and (c) [a]dherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice."

In order to hold Melani personally liable for Sabreco's debts, Dagger had to pierce the corporate veil. But Dagger neither pleaded nor presented evidence of alter ego. Sabreco was not "influenced and governed" by Melani until fall 2012, after the fraud had been committed. NRS 78.747(2)(a). Additionally, Dagger had already terminated its relationship with Sabreco by the time Melani took control of the company. In finding that Melani was not personally liable, the district court simply stated that it "did not make any specific findings about community debts since the judgment [wa]s against SABRECO only." Although the district court did not adequately explain its reason, we conclude that it reached the proper conclusion, and we thus uphold its finding Melani was not personally

liable.[1] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

Accordingly, for the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                           Silver


cc:    Hon. Joseph Hardy, Jr., District Judge
       Michael H. Singer, Settlement Judge
       Law Office of Amberlea Davis
       Foley & Oakes, PC
       Eighth District Court Clerk

---

[1]Dagger also argues on cross-appeal that the district court erred by relying on the language of NRS 118A.242 to deny damages related to the security deposits. However, Dagger admitted at trial it did not provide evidence of its damages and argued it would be erroneous to require it to do so. Pursuant to NRS 118A.242(4), at the termination of a lease, "[t]he landlord *shall* provide the tenant with an itemized written accounting of the disposition of the security [deposit] . . . *and return any remaining portion of the security to the tenant no later than 30 days after the termination of the tenancy.*" (Emphasis added.) Because Dagger does not rebut the plain language of the statute with any cogent argument or legal authority, we need not consider its argument on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims not cogently argued or supported by relevant authority).