138 Nev., Advance Opinion 10

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIA DEL ROSARIO CERVANTES-GUEVARA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ERIKA D. BALLOU, DISTRICT JUDGE,
Respondents,
and
MARK THOMAS ANDERSON; AND THOR DEVELOPMENT, LLC, A LIMITED LIABILITY CORPORATION,
Real Parties in Interest.

No. 83156

FILED

MAR 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to enlarge time for service and serve by publication and dismissing a complaint as to the party who was not timely served.

*Petition denied.*

Bighorn Law and Jacqueline R. Bretell and Joshua P. Berrett, North Las Vegas,
for Petitioner.

Messner Reeves LLP and M. Caleb Meyer and Scott L. Rogers, Las Vegas,
for Real Party in Interest Mark Thomas Anderson.

22-06754

Resnick & Louis, P.C., and Prescott T. Jones and Katlyn M. Brady, Las Vegas,
for Real Party in Interest Thor Development, LLC.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

Rule 4 of the Nevada Rules of Civil Procedure (NRCP) sets forth the requirements for summons and service of civil complaints. Specifically, NRCP 4(e) gives plaintiffs 120 days after filing a civil complaint in the district court to serve the defendants with a summons and a copy of the complaint. NRCP 4 further permits a plaintiff to request an extension of time to serve process on a defendant if the plaintiff is unable to serve the defendant within the 120-day period. If a motion demonstrating good cause is timely filed before the expiration of the service period, or any extension thereof, the court is required to extend the service period and set a reasonable date by which service should be made. NRCP 4(e)(3). However, if the plaintiff fails to timely move to extend the time for service, the court must determine whether good cause exists for the plaintiff's delay in filing the motion before considering whether good cause exists for granting an extension of the service period. NRCP 4(e)(4).

On March 12, 2020, Nevada Governor Steve Sisolak issued an Emergency Declaration declaring a state of emergency related to the COVID-19 pandemic. Subsequently, the Governor issued a series of Emergency Directives that impacted the daily lives of individuals, businesses, and government. Specifically, on April 1, 2020, the Governor

issued Emergency Directive 009 (Revised), which, among other things, tolled any specific time limits set by statute or regulation pertaining to the commencement of any legal action until 30 days from the date the state of emergency was terminated. The Governor thereafter terminated Emergency Directive 009 (Revised) by issuing Emergency Directive 026 on June 29, 2020. Pursuant to Emergency Directive 026, the tolling period for commencing legal action ended on July 31, 2020, at 11:59 p.m.

In this original petition for a writ of mandamus, we determine whether the district court was within its discretion in denying, as untimely, petitioner Maria Del Rosario Cervantes-Guevara's second motion to enlarge time for service of process. In analyzing this question, we conclude that Emergency Directive 009 (Revised) did not apply to court rules and, thus, the deadline for service under NRCP 4(e) was not tolled by the Emergency Directive. Therefore, Cervantes-Guevara's motion was untimely under NRCP 4(e)(1), and she did not demonstrate good cause for her delay in filing the motion under NRCP 4(e)(3). Because the district court did not manifestly abuse its discretion by denying Cervantes-Guevara's motion and dismissing her complaint as to the party whom she failed to timely serve, we deny the original petition for a writ of mandamus.

## FACTS AND PROCEDURAL HISTORY

In early 2018, Cervantes-Guevara and real party in interest Mark Thomas Anderson were involved in a motor vehicle incident in Las Vegas. On January 7, 2020, Cervantes-Guevara filed a complaint against Anderson and his employer, real party in interest Thor Development, LLC, alleging various tort claims. Under NRCP 4(e)(1), the 120-day deadline to effect service of process expired on May 6, 2020. Cervantes-Guevara unsuccessfully attempted to effectuate personal service on Anderson three

times between February 18, 2020, and March 8, 2020. On March 12, 2020, Governor Steve Sisolak declared a state of emergency due to the COVID-19 pandemic.

On April 1, 2020, the Governor issued Emergency Directive 009 (Revised), section 2 of which mandated that "[a]ny specific time limit set by state statute or regulation for the commencement of any legal action is hereby tolled from the date of this Directive until 30 days from the date the state of emergency declared on March 12, 2020 is terminated." The Governor terminated the tolling section of the Emergency Directive on June 29, 2020, and recommenced the time tolled as of August 1, 2020. *See* Emergency Directive 026 (June 29, 2020), § 5.

On May 6, 2020 (the expiration date of the NRCP 4 service period), Cervantes-Guevara filed her first ex parte application to enlarge time for service, seeking an additional 90 days and leave to serve Anderson by publication due to COVID-19 social-distancing restrictions. The district court granted the unopposed motion on June 5, 2020, extending the service period until September 3, 2020. Cervantes-Guevara did not publish the first of the four required notices until October 15, 2020, however.

Cervantes-Guevara filed her second motion to enlarge time for service on October 28, 2020, seeking to extend the service period until December 23, 2020. Anderson appeared in the action to oppose the motion, and Senior Judge Joseph T. Bonaventure issued minutes denying Cervantes-Guevara's second motion to enlarge time on December 16, 2020, finding that the Emergency Directive did not toll the time for service of process and that her motion was untimely under the district court's Administrative Order 20-17, which required motions to extend service of process deadlines filed after July 1, 2020, to be filed prior to the expiration

of the time to serve.[1] The minutes also indicated that Anderson would be dismissed as a party to the action.

Cervantes-Guevara filed a motion for reconsideration, arguing that Senior Judge Bonaventure did not consider whether good cause existed for Cervantes-Guevara's delay in filing the motion. Judge Erika D. Ballou denied Cervantes-Guevara's motion for reconsideration in a written order issued on March 22, 2021, finding that Senior Judge Bonaventure likely considered all factors required to deny the motion to enlarge time for service, even if his findings were not put on the record, and that she would not substitute her judgment for the judge who originally heard and ruled on the motion. After denying the motion for reconsideration, Judge Ballou issued a written order on July 13, 2021, reflecting Senior Judge Bonaventure's December 16 ruling and denying Cervantes-Guevara's second motion to enlarge time. Cervantes-Guevara filed this original petition for a writ of mandamus, asking this court to direct the district court to vacate its order denying the enlargement of time and dismissing Anderson from the action. Anderson filed an answer, as directed,[2] and Cervantes-Guevara filed a reply.

## DISCUSSION

*Whether this court should entertain this writ petition*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,*

---

[1]*See* Eighth Judicial District Court Administrative Order 20-17, at *15-16.

[2]Thor Development filed a joinder to Anderson's answer to the petition.

124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citing, inter alia, NRS 34.160). In general, when considering a petition for a writ of mandamus, we review for a manifest abuse of discretion. *NuVeda, LLC v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 54, 495 P.3d 500, 503 (2021). Whether to consider such a petition is within the appellate court's discretion. *Libby v. Eighth Judicial Dist. Court*, 130 Nev. 359, 363, 325 P.3d 1276, 1278 (2014). Mandamus may only issue in "cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. An appeal is generally an adequate legal remedy precluding writ relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

Here, it is appropriate to entertain Cervantes-Guevara's petition because she does not have a plain, speedy, and adequate remedy to challenge the district court's order dismissing Anderson as a defendant in the underlying action. While it is true that the district court dismissed all the claims in the complaint against Anderson, the order granting dismissal is not appealable, absent an appropriate certification of finality under NRCP 54(b), because there are remaining issues to be resolved against Thor Development. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (explaining that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the [district] court"). But NRCP 54(b) certification is discretionary, *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1026 n.23, 102 P.3d 600, 603 n.23 (2004), and while its availability generally precludes writ relief, *see, e.g., Dattala v. Eighth Judicial Dist. Court*, No. 82022 WL 510112, at *1 (Nev. Feb. 18, 2022) (Order Denying Petition), the preclusion is not absolute, *Borger*, 120 Nev. at 1026 n.23, 102 P.3d at 603 n.23. Considering this writ petition is appropriate because whether the

Emergency Directive issued by the Governor applies to rules promulgated by this court is an important issue of law requiring clarification and resolving the issue will promote judicial economy. *See Mona v. Eighth Judicial Dist. Court*, 132 Nev. 719, 724, 380 P.3d 836, 840 (2016) (noting that "even if an [otherwise] adequate legal remedy exists, this court will consider a writ petition if an important issue of law needs clarification or if review would serve a public policy or judicial economy interest").

*Whether the Governor's Emergency Directive applies to service of process*

In Nevada, the judiciary has the constitutional duty "[t]o declare what the law is or has been." *N. Lake Tahoe Fire Prot. Dist. v. Washoe Cty. Bd. of Comm'rs*, 129 Nev. 682, 687, 310 P.3d 583, 587 (2013) (internal quotation marks omitted). Generally, this court "review[s] issues of statutory construction de novo." *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014). "When interpreting a statute, we look to its plain language." *Smith v. Zilverberg*, 137 Nev., Adv. Op. 7, 481 P.3d 1222, 1230 (2021). "If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction." *Id.* Whenever possible, this court interprets "a rule or statute in harmony with other rules or statutes." *Slade v. Caesars Entm't Corp.*, 132 Nev. 374, 376, 373 P.3d 74, 75 (2016).

Although this court has not yet addressed the issue, many other courts have applied the principles of statutory interpretation to executive orders and directives, and we agree with their approach. *See In re Murack*, 957 N.W.2d 124, 128 (Minn. Ct. App. 2021) (holding that "it is appropriate to apply statutory-interpretation principles in interpreting [emergency executive orders]"); *see also Bassidji v. Goe*, 413 F.3d 928, 934 (9th Cir. 2005) ("As is true of interpretation of statutes, the interpretation of an Executive Order begins with its text."); *United States v. Abu Marzook*, 412

 

F. Supp. 2d 913, 922 (N.D. Ill. 2006) ("The Court interprets Executive Orders in the same manner that it interprets statutes."); *City of Morgan Hill v. Bay Area Air Quality Mgmt. Dist.*, 13 Cal. Rptr. 3d 420, 431 (Ct. App. 2004) ("The construction of an executive order presents an issue akin to an issue of statutory interpretation . . . .").

Here, Cervantes-Guevara argues that the tolling provision contained in Emergency Directive 009 (Revised) applied to the service period prescribed under NRCP 4(e), such that the remaining 36 days of the original service period recommenced on August 1, with the first 90-day extension beginning on September 5 and not expiring until December 4, rendering her second motion timely filed. As noted, the Emergency Directive tolled "[a]ny specific time limit set by state statute or *regulation for the commencement of any legal action.*" Emergency Directive 009 (Revised) (April 1, 2020), § 2 (emphasis added). Cervantes-Guevara asserts that NRCP 4 is a regulation that sets forth guidelines for the conduct of the courts and attorneys during legal proceedings. However, Nevada law defines a "regulation," in relevant part, as "[a]n agency rule, standard, directive or statement of general applicability which effectuates or interprets law or policy, or describes the organization, procedure or practice requirements of any agency." NRS 233B.038(1)(a). Further, Nevada law defines an "agency" as "an agency, bureau, board, commission, department, division, officer or employee *of the Executive Department.*" NRS 233B.031 (emphasis added). Court rules are not included. Moreover, this court recently stated in an unpublished disposition that "[t]he Declaration of Emergency Directive 009 (Revised) does not apply to deadlines established by this court's rules." *Byrd v. Byrd*, No. 81198, 2020 WL 4746547 (Nev. Aug. 14, 2020) (Order Dismissing Appeal) (noting that "the time limitation

to file a notice of appeal is not established by state statute or regulation, but by court rule"). Therefore, Cervantes-Guevara's attempt to frame the NRCP as "regulations" under Emergency Directive 009 (Revised) fails because, by definition, a regulation refers to any rule or adjudication made by an executive branch entity and does not encompass the rules promulgated by this court.

Cervantes-Guevara also contends that NRCP 4(e) expands the meaning of commencing a legal action because it sets forth a specific timeline for when the legal proceeding begins for the defendant in a civil matter. But NRCP 3 specifically states that "[a] civil action is commenced by filing a complaint with the court." As used in the rules of civil procedure, a "'complaint' includes a petition or other document that *initiates* a civil action." NRCP 3, Advisory Committee Note—2019 Amendment (emphasis added). Cervantes-Guevara's attempt to expand the meaning of "commencing a civil action" to include service of process upon the defendant fails because service of process is not a part of the commonly known definition of the phrase.

*Whether the district court manifestly abused its discretion by denying Cervantes-Guevara's second motion to enlarge time for service as untimely under NRCP 4(e)*

A dismissal for failure to effect timely service of process is reviewed for an abuse of discretion, *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 595, 245 P.3d 1198, 1200 (2010), and as noted above, writ relief will not issue absent a manifest abuse of that discretion, *NuVeda*, 137 Nev., Adv. Op. 54, 495 P.3d at 503.

We agree with the district court that Cervantes-Guevara's second motion to enlarge time, filed on October 28, 2020, was untimely because the previously granted motion extended Cervantes-Guevara's deadline 90 days to September 3, 2020—approximately 55 days before she filed the second motion.

Further, Cervantes-Guevara did not have good cause under NRCP 4(e)(3) for filing her second motion late because her interpretation of the Emergency Directive is unreasonable. Cervantes-Guevara's assertion that she was "reasonably diligent in her attempts" to serve Anderson is belied by the record. As the record shows, her attempts to personally serve Anderson stopped altogether after March 8, 2020, and she failed to begin the service-by-publication process until October 15, 2020, after being granted leave to do so by the district court on June 5, 2020. Therefore, the district court was within its discretion when it denied Cervantes-Guevara's second motion to enlarge time for service because she did not timely file the motion and she failed to demonstrate good cause for her delay.

## CONCLUSION

Emergency Directive 009 (Revised) did not apply to the deadlines established by court rules because court rules are neither statutes nor regulations pertaining to the commencement of a legal action. Because the Emergency Directive did not toll the 120-day service period established by NRCP 4(e), the district court did not manifestly abuse its discretion when

SUPREME COURT
OF
NEVADA

(O) 1947A

10

it denied Cervantes-Guevara's second motion to enlarge time and dismissed her complaint as to Anderson. We therefore deny the original petition for a writ of mandamus.

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon