140 Nev., Advance Opinion 40

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DIGNITY HEALTH, D/B/A ST. ROSE
DOMINICAN HOSPITAL-SIENA
CAMPUS; LILIANA RUIZ-LEON, D.O.;
TIMOTHY SAUTER, M.D.; AND
DAMON MASAKI, M.D.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOSEPH HARDY, JR., DISTRICT
JUDGE,
Respondents,
   and
SAEED GOHARI, AS GUARDIAN AD
LITEM OF NAMMI GOHARI, A MINOR,
Real Party in Interest.

No. 86606



FILED

JUN 20 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in a medical malpractice action.

*Petition denied.*

Hall Prangle & Schoonveld, LLC, and Tyson J. Dobbs, Kenneth M. Webster, and Tania Dawood, Las Vegas,
for Petitioner Dignity Health.

John H. Cotton & Associates, Ltd., and John H. Cotton and Brad J. Shipley, Las Vegas,
for Petitioners Liliana Ruiz-Leon, D.O., and Timothy Sauter, M.D.

McBride Hall and Robert C. McBride and T. Charlotte Buys, Las Vegas,
for Petitioner Damon Masaki, M.D.

24-21289

Claggett & Sykes Law Firm and Micah S. Echols, Charles L. Finlayson, and David P. Snyder, Las Vegas; Springberg Law Firm, P.C., and Laurence B. Springberg, Las Vegas,
for Real Party in Interest Saeed Gohari.

---

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 41A.097(5) allows a plaintiff to sue healthcare providers on behalf of a child for brain damage or a birth defect as late as the child's 10th birthday. Here, we consider whether that limitations period was tolled by a pair of gubernatorial emergency directives issued during the COVID-19 pandemic in 2020, such that a 2022 complaint alleging brain damage and birth defects filed 72 days *after* a child's 10th birthday is timely. We hold that the district court correctly concluded that the directives tolled the limitations period in NRS 41A.097(5) for 122 days, and thus the complaint was timely filed. In so holding, we deny the instant petition, as petitioners' argument that the directives' tolling effect was inapplicable under these facts is unsupported by the plain language of the directives.

### FACTS AND PROCEDURAL HISTORY

Nammi Gohari was born prematurely on September 19, 2012, and developed irreversible brain damage. Nammi's family attributed Nammi's condition to professional negligence on the part of medical staff at facilities operated by petitioner Dignity Health. Over a decade after Nammi's birth, on November 30, 2022, real party in interest Saeed Gohari

(hereinafter Gohari), acting as Nammi's guardian ad litem, filed medical malpractice claims against Dignity Health and several individuals[1] who provided medical care to Nammi's mother, Afsaneh Amin-Akbari.

Dignity Health moved to dismiss the complaint as untimely under NRS 41A.097. NRS 41A.097(2) provides, in relevant part, that "an action for injury or death against a provider of health care may not be commenced *more than 3 years* after the date of injury *or 1 year* after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, *whichever occurs first.*" (Emphases added.) However, NRS 41A.097(5) provides an exception to the limitations periods in NRS 41A.097(2):

> 5. For the purposes of this section, the parent, guardian or legal custodian of any minor child is responsible for exercising reasonable judgment in determining whether to prosecute any cause of action limited by subsection 1, 2 or 3. If the parent, guardian or custodian fails to commence an action on behalf of that child within the prescribed period of limitations, the child may not bring an action based on the same alleged injury against any provider of health care upon the removal of the child's disability, *except that in the case of:*
>
> (a) *Brain damage or birth defect, the period of limitation is extended until the child attains 10 years of age.*

---

[1]These include petitioners Liliana Ruiz-Leon, D.O., Timothy Sauter, M.D., and Damon Masaki, M.D., who filed joinders in the instant writ petition.

(Emphases added.)[2]  Given that Gohari's claims pertain to Nammi's brain damage and/or birth defects and there is no dispute that Nammi's parent or guardian did not previously bring a timely suit under NRS 41A.097(2), NRS 41A.097(5) would foreseeably allow until Nammi's 10th birthday (September 19, 2022) for Gohari to file a complaint.  However, Dignity Health claimed the complaint was also untimely under NRS 41A.097(5) because it was filed in November 2022, after Nammi's 10th birthday.

Gohari opposed Dignity Health's motion to dismiss, arguing that the complaint was still timely under NRS 41A.097(5) pursuant to a pair of emergency directives issued by Governor Steve Sisolak during the COVID-19 pandemic.  On April 1, 2020, Governor Sisolak issued Declaration of Emergency Directive 009 (Revised), which stated, in relevant part, that

> *[a]ny specific time limit* set by state statute or regulation for the commencement of *any legal action* is hereby tolled from the date of this Directive until 30 days from the date the state of emergency declared on March 12, 2020 is terminated.

(Emphases added.)  On June 29, 2020, Governor Sisolak issued Declaration of Emergency Directive 026, which ordered that "Directive 009 (Revised) shall terminate on June 30, 2020 at 11:59 pm.  All time tolled by Section 2 shall recommence effective July 31, 2020 at 11:59 pm."

---

[2]We note that, prior to the 2023 legislative session, NRS 41A.097(5)'s provisions were listed at NRS 41A.097(4) and contained identical language. *See* 2023 Nev. Stat., ch. 493, § 3, at 3024.  Because the proceedings below took place and the instant writ petition was filed before this amendment took effect on October 1, 2023, much of the record and briefing refers to NRS 41A.097(4).

The district court, reading Directives 009 and 026 together, determined that the directives tolled the limitations period in NRS 41A.097(5) for 122 days (April 1 to August 1, 2020), such that Gohari's complaint was timely when filed on November 30, 2022, 72 days after Nammi's 10th birthday. Accordingly, the court denied Dignity Health's motion to dismiss. Dignity Health subsequently filed the instant petition for a writ of mandamus, asking this court to vacate the district court order and direct the district court to dismiss the case because Gohari's complaint was untimely under NRS 41A.097(5) and its timeliness was not preserved by the directives.

## DISCUSSION

We elect to entertain Dignity Health's petition, as we are persuaded that it satisfies the circumstances under which this court may consider a petition challenging a motion to dismiss. *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008); *see also Cervantes-Guevara v. Eighth Jud. Dist. Ct.*, 138 Nev. 87, 90, 505 P.3d 393, 397 (2022) (concluding that the applicability of the tolling provisions within Directives 009 and 026 was "an important issue of law requiring clarification [whose resolution] w[ould] promote judicial economy"). We are not persuaded, however, that Dignity Health is entitled to the mandamus relief it seeks.

"A writ of mandamus is available [(1)] to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or [(2)] to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558 (footnote omitted). Dignity Health argues that the tolling provisions of Directives 009 and 026, by their plain language and intent, apply *only* to actions where the limitations period expired *during* the April 1 to August 1, 2020, tolling

period and *not* where the statute of limitations expired sometime *outside* this tolling period, as was the case with Gohari's complaint.[3]

This court applies "principles of statutory interpretation to executive orders and directives." *Cervantes-Guevara*, 138 Nev. at 91, 505 P.3d at 397. "When interpreting a statute, we look to its plain language." *Id.* (quoting *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021)). Here, we see no support for Dignity Health's argument in the directives' plain language. Directive 009 states that its tolling period applies to "*[a]ny specific time limit* set by state statute or regulation for the *commencement of any legal action.*" (Emphases added.) Dignity Health fails to explain how this plainly broad, all-encompassing language supports a narrow interpretation that the provision only pertains to actions with deadlines falling within the tolling period. Indeed, it is difficult to see how the time limit under NRS 41A.097(5) for Gohari to commence an action by Nammi's 10th birthday would fall outside Directive 009's expansive scope. Furthermore, Directive 009 "tolled" limitations periods for "any legal action," a clear order that limitations periods for "any" pending legal action stop running. *See Toll, Black's Law Dictionary* (11th ed. 2019). Directive 026 then recommenced the tolled limitations periods beginning August 1, 2020. Thus, the directives' plain, unambiguous language supports the district court's conclusion that the directives tolled Gohari's limitations period for 122 days without need for further analysis. *See Smith*, 137 Nev. at 72, 481 P.3d at 1230 ("If a statute's language is plain and unambiguous,

---

[3]Dignity Health's petition alternatively argued that NRS 41A.097(5) qualifies as a statute of repose, rather than a statute of limitations, such that it cannot be tolled by the directives. However, Dignity Health subsequently withdrew this argument in its reply in support of its petition. Therefore, we do not consider this argument here.

we enforce the statute as written, without resorting to the rules of construction.").

## CONCLUSION

In sum, we are not persuaded that the district court either arbitrarily or capriciously abused its discretion by applying Directives 009 and 026 or that the law requires dismissal of Gohari's complaint as untimely. *See Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Accordingly, we deny the petition.

_____, J.
Parraguirre

We concur:

_____, J.
Stiglich

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

7